Eugene J. KISKO, Plaintiff,

v.

PENN CENTRAL TRANSPORTATION COMPANY et al., Defendants.

Civ. No. 75–1380.

United States District Court, M. D. Pennsylvania.

Feb. 6, 1976.

---

while in the performance of their duties for their employer, Penn Central, were riding in a taxicab driven by James Long and owned by Charles Long, individually and t/d/b/a Long's Taxi Service. The trip originated in Renovo, Pennsylvania and was to terminate in Buffalo, New York. Near Holland, New York, the taxicab was involved in a collision with a vehicle driven by Gary Horning. Babcock, James Long, and Horning were killed in the accident. Kisko, Snyder, Vonsik, and Whitmyer were injured.[1]

Whitmyer and Snyder each sued Penn Central in the United States District Court for the Western District of New York in two separate actions based upon the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. Vonsik sued Penn Central, Charles Long, individually and t/d/b/a Long's Taxi Service, and the personal representatives of James Long in the same Court based upon the law of agency and negligence. Kisko then filed the above-captioned FELA action against Penn Central which has, in turn, lodged a third-party Complaint against Charles Long and the administratrix of James Long.[2] Currently pending before this Court is Penn Central's motion pursuant to 28 U.S.C. § 1404(a) for transfer of the above-captioned case to the United States District Court for the Western District of New York.[3] Although no brief has been filed with respect to this motion by the third-party Defendants, the motion is vigorously opposed by the Plaintiff Kisko. The motion will be granted.

Cornelius C. O'Brien, G. Sander Davis, Philadelphia, Pa., Clifford A. Rieders, Williamsport, Pa., for plaintiff.

David Bahl, Williamsport, Pa., Jay N. Rosenthal, Buffalo, N.Y., for defendants.

## OPINION

MUIR, District Judge.

On February 15, 1975, Plaintiffs Kisko, Babcock, Snyder, Vonsik, and Whitmyer,

---

1. The full names and residences of the individuals and the company involved in this situation are as follows:
   Eardley C. Babcock, Buffalo, New York
   Gary Horning, Holland, New York
   Eugene J. Kisko, Renovo, Pennsylvania
   Charles B. Long, individually, and t/d/b/a Long's Taxi Service, Renovo, Pennsylvania
   James Long, Renovo, Pennsylvania
   Penn Central Transportation Company
   William C. Snyder, Renovo, Pennsylvania
   Stanley Vonsik, West Seneca, New York
   William T. Whitmyer, Renovo, Pennsylvania

2. Horning is absent as a party to these various suits apparently because no letters testamentary have as yet been issued in his estate.

3. § 1404. *Change of venue*
   (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As is the case with nearly all motions, the burden of persuasion is on the movant. However, the case law suggests that because a plaintiff's choice of forum is to be afforded paramount consideration in the determination of a transfer request, this burden is something more than a mere preponderance of the evidence. *Shutte v. Armco Steel Corporation,* 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Since the passage of 28 U.S.C. § 1404(a), the showing required of a movant to support his request for a change of venue has been substantially reduced from what it was when the only method for achieving such a transfer was to invoke the doctrine of *forum non conveniens. Norwood v. Kirkpatrick,* 349 U.S. 29, 30–31, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *All States Freight v. Modarelli,* 196 F.2d 1010 (3d Cir. 1952). The principle of *forum non conveniens* was a judicial response to the misuse of otherwise proper venue by plaintiffs who sought to harass their adversaries by forcing trial at the most inconvenient of places, *Gulf Oil Corporation v. Gilbert, supra,* 330 U.S. at 507, 67 S.Ct. 839, and had potentially drastic consequences for the plaintiff. If the forum was found by the Court to be inconvenient, the case was dismissed and the plaintiff was at the mercy of the applicable statute of limitations governing in the forum which eventually was determined to be appropriate. *All States Freight v. Modarelli, supra,* at 1011. In contrast, transfer pursuant to § 1404(a) does not effect a dismissal of the case and, therefore, does not expose a plaintiff to the possibility that his cause of action will be time-barred. Given this significant difference between the consequences of granting a *forum non conveniens* motion on the one hand and a motion to transfer on the other, § 1404(a) has been regarded as more than a mere codification of the doctrine of *forum non conveniens.* Cf. *Norwood v. Kirkpatrick, supra; Ex parte Collett,* 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949); *Jiffy Lubricator Company, Inc. v. Stewart-Warner Corporation,* 177 F.2d 360, 362 (4th Cir. 1949). Although the factors governing *forum non conveniens* motions as enunciated in *Gulf Oil Corporation v. Gilbert, supra,* and the importance of the plaintiff's choice of forum have not been eliminated as considerations in a § 1404(a) transfer request, the movant's burden has been reduced and the court's discretion expanded from what they were during the reign of *forum non conveniens* principles. *Norwood v. Kirkpatrick,* supra; *Kilpatrick v. Texas & P. R. Co.,* 337 U.S. 75, 69 S.Ct. 953, 93 L.Ed. 1223 (1949).

In determining the instant motion for transfer, the Court may properly consider only those facts which are undisputed or are a matter of record in the form of affidavits, depositions, stipulations, or other documents. *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 756–757 (3d Cir. 1973). Mere allegations cannot be taken as proof of the facts alleged in support of the motion. *Mayberry v. Maroney,* 529 F.2d 332 (3d Cir. 1976). Consequently, because supporting documentation is lacking, the Court will not consider Penn Central's contention that many material and potentially unwilling witnesses reside beyond the subpoena power of this Court. However, for the purposes of this motion, the following are undisputed, supported by the present record or subject to judicial notice:

1. Kisko has chosen to file this action in this Court, although he could also have filed it in the United States District Court for the Western District of New York.

2. The location of this Court is significantly nearer to Kisko's residence and to the offices of his attorneys than the location of the proposed transferee court.

3. Three civil cases which arise out of the same accident as the above-captioned case were pending in the United States District Court for the Western District of New York when this action was instituted.

4. Penn Central is a Defendant in each of the three cases referred to in the preceding paragraph.

5. Many of the individuals who will testify in the three actions pending in the Western District of New York will be asked to testify in this case.

6. The transferee forum is less than 250 miles from this Court and is 188 miles from Plaintiff's residence.

7. The Plaintiff resides in Renovo, Pennsylvania, 56 miles from Williamsport, Pennsylvania, which is the place nearest his residence in this district for holding Court.

8. The physicians and surgeons who treated Kisko after the accident in question reside in or near Buffalo, New York, the seat of the proposed transferee court.

■ Given the foregoing, the overriding factor which militates in favor of the motion for transfer is the potential for avoidance of duplicative litigation. The Court is in complete agreement with those cases which have found the presence of a related case in the transferee forum to be a powerful reason to grant a change of venue. See *Blanning v. Tisch,* 378 F.Supp. 1058, 1061 (E.D.Pa. 1974) and cases cited therein. The interests of justice as well as the convenience of the parties and potential witnesses are not served when a federal case nearly identical to three other cases pending in a nearby federal jurisdiction is allowed to proceed separately. This Court cannot, of course, say with absolute certainty that, upon transfer, this case will be consolidated with the three related cases pending in the Western District of New York. Nevertheless, the substantial likelihood that this will occur weighs heavily in favor of the transfer motion.

The change of venue works little hardship on Kisko. Transfer of this case does not compel him to present his claim in a remote jurisdiction. Cf. *Handlos v. Litton Industries, Inc.,* 304 F.Supp. 347 (E.D.Wis.1969). Kisko will be required to travel somewhat further to present his own claim. However, since he is likely to be called as a witness in the three Western District of New York cases, the cost and inconvenience to him caused by the change of venue may well be inconsequential and could in fact result in a reduction of his total expenditures if all the related cases are consolidated there. Contrast *Schmidt v. American Flyers Airline Corp.,* 260 F.Supp. 813 (S.D.N.Y.1966). The Court does not view this case as one in which a slight inconvenience to a defendant is shifted to the plaintiff by the transfer. Also, this is not a case in which the basis for the motion is primarily the inconvenience to witnesses of the forum chosen by the plaintiff. See *Girsh v. Jepson,* 355 F.Supp. 1104 (E.D.1973), remanded on other grounds, 521 F.2d 153 (3d Cir. 1975). The lower court in *Girsh* was of the view that the lives of witnesses are disrupted by a trial regardless of where it is held and, thus, viewed that factor as a minimal consideration in a motion to transfer. However, such reasoning does not apply where there is a possibility that the appearance of those same witnesses at one of several separate trials can be obviated.

■ In its resolution of this motion, the Court has assigned little countervailing weight to calendar considerations, choice of law problems, and the possibility of collateral estoppel as a means for the avoidance of excessive litigation. Relative congestion of the dockets of the transferror and the transferree courts is not a factor of great importance in this type of motion. Cf. *Residex Corp. v. Farrow,* 374 F.Supp. 715 (E.D.Pa.1974). Furthermore, there is nothing in the record to indicate the speed with which cases are disposed of in the Western District of New York and, consequently, this Court would be unable, if required to do so, to make an informed assessment of the respective calendars. The choice of law problems which may be presented to the Judge sitting in the Western District of New York are at best minimal. FELA principles do not vary according to the district court in which the case is brought and the underlying principles of agency in such a case

are of such general application that a federal judge sitting in New York would have little, if any, difficulty applying Pennsylvania agency law. Collateral estoppel could be available to avoid duplicative litigation only if Penn Central were the loser in the first case to come to trial. However, the complexities of that doctrine and the resultant disagreements as to its applicability do not assure that a great deal of time will be saved in the event that such a verdict against Penn Central is rendered.

To reiterate, the major element in this situation which has persuaded the Court to grant Penn Central's motion is that duplicative litigation and its attendant costs to all concerned may be avoided. See *Schneider v. Sears,* 265 F.Supp. 257, 266–267 (S.D.N.Y.1967). The chance to avert great inconvenience to witnesses and a duplication of federal litigation outweighs a minimal amount of inconvenience, if any, sustained by Kisko.

An appropriate order will be entered.