Adrien SEGIL and Connie Segil, Plaintiffs,

v.

GLORIA MARSHALL MANAGEMENT CO., INC., Allan Bergendahl, Gloria Marshall Bergendahl, and James Mallen, Defendants.

Civ. No. C82-0561A.

United States District Court, D. Utah, C.D.

June 30, 1983.

Gary F. Bendinger, Patricia Metzger, Jon V. Harper, Stephen T. Hard, Giauque & Williams, Salt Lake City, Utah, for plaintiffs.

Thomas A. Quinn, Salt Lake City, Utah, for defendants.

## ORDER

ALDON J. ANDERSON, Chief Judge.

Plaintiffs entered into an agreement with Gloria Marshall Management Company (GMMC) to oversee the establishment of and provide training and management for Gloria Marshall Salons in Australia. The agreement provided that GMMC would make certain installment payments to plaintiffs beginning October, 1981, after plaintiffs had completed their work in Australia and returned to Utah. Plaintiffs allege that such payments have not been made and hence the agreement has been breached. The complaint also alleges that the individual defendants made certain misrepresentations, that all defendants have been unjustly enriched, and that plaintiffs are entitled to an accounting and specific performance of the agreement. The individual defendants are officers and directors of GMMC.

On March 31, all the Gloria Marshall Salons were sold, leaving GMMC with no assets and no income. However, by stipulation the sum received by Gloria Marshall Bergendahl from the sale of the assets of GMMC is directly subject to the claims of the plaintiffs in the instant case, without the necessity of establishing individual or alter-ego liability against Allan or Gloria Bergendahl.

Defendants have filed a motion to dismiss for lack of personal jurisdiction, pursuant to F.R.Civ.P. 12(b)(2), or in the alternative for change of venue for the convenience of witnesses and in the interests of justice, pursuant to 28 U.S.C. § 1404(a). At a hearing held March 7, 1983, plaintiffs moved to dismiss the complaint against James Mallen without prejudice, which motion was granted by the court. The only questions presently before the court are (I) whether this court has personal jurisdiction over GMMC, Gloria Marshall Bergendahl, and Allan Bergendahl; and (II) whether this case should be transferred to the Central District of California for the convenience of witnesses and in the interests of justice.

## I. PERSONAL JURISDICTION

### A. *Principles of Law*

When presented with a challenge to personal jurisdiction, plaintiffs have the burden of showing the existence of such jurisdiction. However, plaintiff need only make a prima facie showing of jurisdiction and then the burden shifts to the defendants to rebut that showing. The court must construe the affidavits and pleadings most strongly against the moving party, with conflicts resolved in favor of plaintiffs.

In a diversity case such as this one, personal jurisdiction in United States District Court depends upon the jurisdiction of the state in which the court is located. Like most states, Utah asserts its personal jurisdiction over non-resident defendants on the basis of either general jurisdiction when the defendants have had a continuous course of doing business in the state, or specific jurisdiction under a long-arm statute when the defendants have had certain minimum contacts with the state out of which the cause of action arose. *Abbott G.M. Diesel, Inc. v. Piper Aircraft Corp.,* 578 P.2d 850, 853, n. 6 (Utah 1978); *Roskelly & Co. v. Lerco, Inc.,* 610 P.2d 1307, 1309 (Utah 1980). If the plaintiff establishes general jurisdiction under the doing business concept, the forum may assert jurisdiction over claims unrelated to the forum contacts as well as over claims arising out of such contacts. If the defendant has only minimum contacts with the forum, the court may assert personal jurisdiction only on claims arising out of the defendant's forum state contacts. *Abbott G.M. Diesel, supra.* Of course, activities performed on behalf of a non-resident defendant by its agents or employees within the forum may be used to establish jurisdiction over the defendant. *See, Producers Livestock Loan Co. v. Miller,* 580 P.2d 603, 605–06 (Utah 1978).

### B. *Jurisdictional Facts*

Following are the relevant jurisdictional facts which the court has examined in light of the principles stated above.

1. GMMC is a California corporation headquartered in Downey, California.

2. GMMC, which now has no assets or income, is not currently doing business in Utah.

3. From at least 1972 until March 31, 1982, GMMC provided management, accounting, and training services to Gloria Marshall Figure Control Salons of Utah, Inc. (GM–Utah), a Utah corporation which operated seven salons in Utah. GMMC provided employees to the salons, paid them, trained them, made expenditures for the salons, determined policies, provided management assistance, etc. Indeed, until 1978 plaintiff Connie Segil was an employee of GMMC who supervised all of the salons in Utah. GMMC had a bank account at Zion's First National Bank through which it paid the employees and made other expenditures for the salons. The signatures authorized for this account were those of Gloria Marshall Bergendahl, Allan Bergendahl, and James Mallen.

4. Gloria Bergendahl and Allan Bergendahl were officers and directors of GM–Utah as well as of GMMC.

5. GMMC was wholly owned by Gloria Bergendahl. GM–Utah was wholly owned by GMFC, Inc., a California corporation which was wholly owned by Gloria Bergendahl.

6. Gloria Bergendahl has personally been in Utah for grand openings of salons and to make television commercials for the salons, among other things.

7. Neither Gloria Bergendahl nor Allan Bergendahl have conducted any personal business in Utah outside their activities for the corporations.

8. Gloria Bergendahl contacted plaintiffs in Utah to induce them to go to Australia temporarily to oversee the opening of salons there. After plaintiffs were in Australia they negotiated and executed the contract that is the subject of this action. Gloria Bergendahl, for GMMC, executed the agreement in California.

9. The agreement provides that the installment payments beginning in October, 1981, were to be paid to plaintiffs in Utah.

10. The agreement provides that it is to be construed under the laws of California.

C. *Discussion*

Based upon these facts and the principles of law stated *supra*, the court concludes that it has personal jurisdiction over GMMC and Gloria Bergendahl, but not over Allan Bergendahl.

1. *Jurisdiction over GMMC.* It is clear from the facts outlined above that GMMC has carried on continuous and substantial business activities in Utah, thus subjecting it to the general jurisdiction of this forum. It literally ran the Gloria Marshall Salons in Utah. The employees of the salons were GMMC employees, paid from GMMC funds. The accounting and financial affairs of the salons were handled by GMMC. Connie Segil, who was the supervisor of the salons until 1978, was an employee of GMMC and made telephone calls to Gloria Marshall Bergendahl personally at least once a week to report their progress. Under these circumstances, GMMC was doing business in the state at the time the claim in this case arose, and thus it is subject to the jurisdiction of this forum for any claim arising while it was doing business, regardless of whether the claim arose out of the corporation's activities in Utah.

2. *Jurisdiction over Gloria Marshall Bergendahl.* It appears that the only contacts of Gloria Marshall Bergendahl with Utah were in connection with her duties for either the California corporation or the Utah corporation. Under what some courts have called the fiduciary shield doctrine, an officer and employee of a corporation may not be subject to the personal jurisdiction of a state solely on the basis of her activities in that state on behalf of the corporation which subject the corporation to the jurisdiction of the state. *Wilshire Oil Co. v. Riffe,* 409 F.2d 1277, 1281 n. 8 (10th Cir. 1969). However, the United States District Court for the Southern District of New

York has held that if the corporation is controlled by the defendant to conduct his personal business and for his personal gain, the defendant is not protected by the fiduciary shield doctrine. *Puerto Rico Maritime Shipping Authority v. Almogy,* 510 F.Supp. 873 (S.D.N.Y.1981). Other courts have gone further to hold that where an individual has organized, used, and controlled a corporation for the sole purpose of carrying out her own business interests, the activities of the corporation within the forum are deemed the activities of the individual controlling the corporation. *Salter v. Lawn,* 294 F.Supp. 882 (D.Mass.1968); *Holfield v. Power Chemical Co.,* 382 F.Supp. 388 (D.Md. 1974); *see also, Costin v. Olen,* 449 F.2d 129 (5th Cir.1971). In this case, Gloria Bergendahl was the sole shareholder, an officer, and a director of GMMC. She also was indirectly the sole shareholder and was an officer and director of GM–Utah. She completely controlled both corporations. The interests of the corporations were Gloria Bergendahl's interests. The activities of the corporations, as well as her own activities in Utah, were for her benefit. Both corporations were doing substantial and continuing business in Utah, subjecting them to the general jurisdiction of the forum. Their activities were her activities, and thus she, too, is subject to the general jurisdiction of this forum.

3. *Jurisdiction over Allan Bergendahl.* Unlike Gloria Bergendahl, plaintiffs have not alleged that Allan Bergendahl has ever been in the state of Utah. Though he was an officer and a director of GM–Utah, he does not remember ever functioning in those offices. He was also an officer and director of GMMC, but he held no stock. In short, the identity of interests clearly shown between Gloria Bergendahl and the corporations does not exist between Allan Bergendahl and the corporations. Nor have the plaintiffs specifically alleged any other sound basis for personal jurisdiction over Allan Bergendahl. Thus, the plaintiffs not having met their burden of showing jurisdiction over Allan Bergendahl, the complaint must be dismissed against him for lack of in personam jurisdiction.

## II. CHANGE OF VENUE

Defendants have the burden of establishing that this case should be transferred from this district, and unless they provide evidence strongly in favor of a transfer, the plaintiff's choice of forum should not be disturbed. *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145 (10th Cir. 1967). In presenting such evidence, they must go beyond conclusory allegations to show particularly why this forum presents a hardship, or why the court to which they wish the case transferred would be more convenient. *Dayton Power & Light Co. v. East Kentucky Power Co-op., Inc.,* 497 F.Supp. 553 (E.D.Ky.1980); *Kisko v. Penn Central Transportation Co.,* 408 F.Supp. 984 (M.D.Pa.1976). If the transfer is for the convenience of witnesses, defendants must name the witnesses he wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them. *See, e.g., Car Freshner Corp. v. Auto Aid Mfg. Corp.,* 438 F.Supp. 82 (N.D.N.Y.1977); *American Standard, Inc. v. Bendix Corp.,* 487 F.Supp. 254 (W.D.Mo.1980). If the motion is based on the location of records and documents, the movant must show particularly the location, difficulty of transportation, and the importance of such records. *Id.*

In this case, the defendants have supported their motion with mere conclusory allegations that witnesses concerning the profitability of the Australia operations "are needed", that their testimony will be material, and that they are located in California rather than Utah. They have further alleged that financial records pertinent to the Australia operations will be "relevant documents" and it would cause disruption to move them from California to Utah. Neither the witnesses nor the documents have been specifically identified, nor has their materiality to this case been demonstrated. The mere conclusions of the defendants as to these matters, unsupported by particular evidence, is insufficient to

meet the burden required of the movants for a change of venue. Hence, the motion for transfer to the Central District of California must be denied.

Accordingly,

IT IS HEREBY ORDERED that the complaint be dismissed as to defendant Allan Bergendahl for lack of personal jurisdiction.

IT IS FURTHER ORDERED that the remainder of the defendants' motion, for dismissal of defendants Gloria Marshall Management Company and Gloria Marshall Bergendahl, or for change of venue to the Central District of California, be denied.