**June BOHARA**

v.

**BACKUS HOSPITAL MEDICAL BENEFIT PLAN**

**No. CV04–7935 ABC (PLAX).**

United States District Court,
C.D. California.

Sept. 23, 2005.

Michael A. McKuin, Lake Arrowhead, CA, for June Bohara, Plaintiff.

Backus Hospital Medical Benefit Plan, Gerard LaFond, Esq.,Lewis, Brisbois, Bisgaard, & Smith, LLP, Los Angeles, CA, for defendant.

**Proceedings:** ORDER RE: DEFENDANT'S MOTION TO DISMISS OR TRANSFER (In Chambers)

COLLINS, District Judge.

Pending before the Court is Defendant's motion to dismiss or transfer the above-referenced action. The Court finds the motion appropriate for submission without oral argument. *See* Fed. R. Civ. Pro. 78; Local Rule 7–15. Accordingly, the Court hereby VACATES the September 26, 2005 hearing date. After review of the materials submitted by the parties and the case file, the Court hereby DENIES Defendant's motion to dismiss or transfer.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff June Bohara ("Plaintiff"), a resident of Connecticut, was a plan participant and/or beneficiary of the Backus Hospital Medical Benefit Plan ("Defendant"), an employee welfare benefit plan established pursuant to the Employee Retirement Income Security Act ("ERISA"). (*See* First Amended Complaint ("FAC") ¶ 4.) Health Net, Inc. ("Health Net") acted as a claims review fiduciary for Defendant. (*See id.* ¶ 9.) Value Options acted as a "managed care" agent and claims administrator for Health Net and Defendant. (*See id.* ¶ 11.)

On September 27, 2002, Plaintiff was admitted to Pacific Shores Hospital ("the Hospital"), located in California. (*See id.* ¶ 19.) Plaintiff received inpatient treatment and then "partial hospitalization" care until November 3, 2002. (*See id.* ¶ 20.) Prior to Plaintiff's admission, the Hospital had verified on two separate occasions that Plaintiff's treatment would be covered by Defendant for 80% of the "usual reasonable and customary" charges, subject to a $2500 "out-of-pocket" maximum to be paid by the patient. (*See id.* ¶¶ 16–17.) The total cost for Plaintiff's treatment was $50,210.00 and after allowing for a patient co-payment, the Hospital sought $47,710.00 from Defendant. (*See id.* ¶¶ 22–23.) Defendant paid only $12,024.00, claiming the bill amount exceeded the fee schedule rate. (*See id.* ¶ 24.) The Hospital appealed to both Value Options and Health Net. (*See id.* ¶¶ 28, 34.) On December 8, 2003, Health Net sent a letter to Plaintiff and the Hospital indicating that it was reviewing the appeal. (*See id.* ¶ 35.) On June 11, 2004, the Hospital sent a letter demanding payment from Health Net, to which it received no response. (*See id.* ¶¶ 43–44.)

On September 23, 2004, the Hospital, acting as Plaintiff's assignee, filed a complaint in this Court against Defendant for recovery of ERISA plan benefits and attorney fees. However, Plaintiff's benefit plan barred assignment of benefits under the plan. Thus, on May 18, 2005, this Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction, but permitted amendment of the complaint to substitute Bohara, the plan member, as the plaintiff. Plaintiff filed her First Amended Complaint on May 27, 2005.

On July 19, 2005, Defendant filed the instant motion to dismiss or transfer. Plaintiff opposed on September 8, 2005, to which Defendant replied on September 19, 2005.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Improper Venue

■ Federal Rule of Civil Procedure 12(b)(3) allows a defendant to bring a motion to dismiss on the basis of improper venue. Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491 (9th Cir. 1979). If the Court determines that venue is improper, it must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

■ Federal venue is governed entirely by statute. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 181, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). The venue rules appear in the general venue statute (28 U.S.C. § 1391), in special venue statutes, and in the improper venue and change of venue provisions (28 U.S.C. §§ 1404 and 1406). The special ERISA venue provisions are expansive, providing that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). In these provisions, Congress intended to give ERISA plaintiffs an expansive range of venue locations. *See Varsic v. U.S. District Court for the Central District of California*, 607 F.2d 245, 248 (9th Cir. 1979).

■ In *Varsic*, the court ruled that venue was proper in a district, and a defendant could be "found" there for the purposes of § 1132(e)(2), if a defendant had "minimum contacts" with that district, under the standard enunciated in *International Shoe* and progeny. *Id.* at 248–49. Therefore, a defendant may be found in this district if he has "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The defendant's conduct must make it reasonable that the defendant would anticipate being haled into court here. *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). This test is met where a defendant "purposefully directs" its activities toward the forum district, even without a physical presence. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Where the defendant's activities connected to the forum are not "continuous and systematic," the court must evaluate the nature and quality of the defendant's contacts in relation to the cause of action. *Varsic*, 607 F.2d at 249 (citing *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977)). The Ninth Circuit has articulated a clear three-part test for determining whether personal jurisdiction may be exercised: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which

he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (quoting *Data Disc*, 557 F.2d at 1287). The first two of these criteria "are closely related because they focus on the relationship of the defendant and the claim to the forum state." *Paccar Int'l., Inc. v. Commercial Bank of Kuwait, S.A.K*, 757 F.2d 1058, 1062 (9th Cir.1985).

 The plaintiff bears the burden of establishing jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995). Absent formal discovery or an evidentiary hearing, the plaintiff need establish only a prima facie showing that personal jurisdiction exists to survive a motion to dismiss for lack of jurisdiction. *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir.1986); *Ziegler*, 64 F.3d at 473. "Prima facie" showing means that the plaintiff has demonstrated facts that if true would support a finding of jurisdiction. *Data Disc*, 557 F.2d at 1285; *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995). In determining whether a plaintiff has met this burden, uncontroverted allegations in the complaint "must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor .....' " *AT & T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.1996)(citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989)). Once plaintiff has made a showing that "the defendant purposefully directed his activities at forum residents," a rebuttable presumption arises that exercise of jurisdiction is reasonable. *See Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir.1986). At that

point, defendant bears the burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Ballard*, 65 F.3d at 1500 (quoting *Burger King*, 471 U.S. at 477–78, 105 S.Ct. 2174).

## B. Motion to Transfer

 Even where venue is proper in a particular district, a court has discretion to transfer a case "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A decision "to transfer requires an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986) (citations omitted); *see also Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992) ("unless the balance is strongly in favor of the movant, plaintiff's choice of forum should rarely be disturbed").

 Relevant factors to consider in determining whether to transfer a case pursuant to § 1404(a) include: (1) the plaintiff's choice of forum; (2) the extent to which there is a connection between the plaintiff's causes of action and this forum; (3) the parties' contacts with this forum; (4) the convenience of witnesses, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (6) the ease of access to sources of proof; (7) the existence of administrative difficulties resulting from court congestion; (8) whether there is a "local interest in having localized controversies decided at home"; (9) whether unnecessary problems in conflict of laws, or in the application of

foreign law, can be avoided; and (10) the unfairness of imposing jury duty on citizens in a forum unrelated to the action. *See Jones,* 211 F.3d at 498–99; *Decker Coal,* 805 F.2d at 843; 28 U.S.C. § 1404(a).

## III. DISCUSSION

### A. Motion to Dismiss for Improper Venue is DENIED

■ Defendant moves to dismiss or transfer Plaintiff's complaint for improper venue. Defendant argues that venue in California is improper because both parties are residents of Connecticut and the Plan was administered in Connecticut, facts that are not disputed by Plaintiff.[1] Further, Defendant claims that it does not have minimum contacts with California.[2] Plaintiff opposes by alleging that Defendant, through its claims administrator Value Options, pre-certified Plaintiff's treatment at the Hospital, knowing it to be located in California, then case-managed and approved all treatment rendered, including its communication via seventeen written continuing care certifications to the Hospital, and ultimately paid partial benefits directly to the Hospital. (*See* Urner decl. ¶¶ 4–5, 8–10 and Ex. 2–3.) Plaintiff argues that this activity by Defendant is sufficient to establish personal jurisdiction in California.

This Court concludes that, under the broad standard set forth above, Plaintiff has established a prima facie case that personal jurisdiction exists over Defendant in California. Defendant pre-certified Plaintiff's medical treatment at a California hospital, managed that treatment, and then paid the Hospital directly for a portion of Plaintiff's care. Further, it is De-

fendant's failure to pay the entire amount of the claim that has given rise to the instant lawsuit. It is therefore not unreasonable to say that Defendant could have anticipated litigation in California arising out of such activities. *See Peay v. Bell-South Medical Assistance Plan,* 205 F.3d 1206, 1213 (10th Cir.2000) (holding that, in a case where the employee, the plan and its administrator all resided out of state but the pre-certified treatment took place in Utah, "because defendants rendered benefits in Utah, they knew or should have known that a dispute over benefits could arise in Utah"). Defendant's contacts with California, arising from Plaintiff's treatment at a California hospital, are thus sufficient to support jurisdiction in that forum. Further, Defendant is unable to meet the heavy burden required to show that the exercise of jurisdiction in California would make litigation so "gravely difficult and inconvenient" that it is unfairly at a "severe disadvantage in comparison to [its] opponent." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal citations omitted). As discussed further below, although defendants may be inconvenienced by litigating this action in California, "they cannot show that this burden rises to the level of a constitutional concern." *Peay,* 205 F.3d at 1213. Accordingly, the Court concludes that venue is proper in this district, and that Defendant's motion to dismiss based on improper venue must be DENIED.

### B. Defendant's Motion to Transfer is DENIED

■ Defendant alternatively moves to transfer, on the grounds that Connecticut

---

1. Plaintiff does dispute, however, Defendant's bare assertion that Value Options is a Connecticut resident, alleging that Value Options is headquartered in Virginia, with offices throughout the country, including in California. (*See* Opp'n 14–15.)

2. The Court notes that Defendant has not directly challenged personal jurisdiction in this district, but rather denies having minimum contacts with California only for the purposes of the instant motion.

would be a more convenient forum for the parties and witnesses in this action. Plaintiff opposes, arguing that the factors the Court may consider in determining whether to transfer the action weigh against transfer.

The Court finds that Defendant has failed to meet its burden of showing that the relevant factors weigh strongly enough in its favor to justify transfer of this action to Connecticut. First, the Court notes that it gives less than usual weight to Plaintiff's selection of California as a forum for the instant suit, as this forum was selected by the original plaintiff, the Hospital, and not by the instant Plaintiff, who is additionally not a resident of this forum. On the other hand, many of the events giving rise to Plaintiff's claim occurred in California, as Plaintiff's treatment occurred in this district. In this respect, the circumstances of this case are different from those in *Deputy v. Long–Term Disability Plan of Sponsor Aventis Pharmaceuticals,* cited by Defendant, where none of the plaintiff's medical treatment was rendered in the district at issue. *See Deputy,* No. C02–2010 TEH, 2002 WL 31655328 (N.D.Cal. Nov. 21, 2002) (granting transfer to district where both plaintiff and her treating doctors were located).

Next, weighing the factors of the convenience to witnesses and access to evidence, Defendant argues that all of the witnesses and documents concerning the claim handling or the determination of Plaintiff's administrative appeal are located in Connecticut. (Mot. 4:6–8.) However, the Court agrees with Plaintiff that this argument is insufficient to support transfer in this case for several reasons. First, if the transfer is for the convenience of witnesses, defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them. *See,*

*e.g., Segil v. Gloria Marshall Management Co., Inc.,* 568 F.Supp. 915, 919 (D.Utah 1983) (citing *Car–Freshner Corp. v. Auto Aid Mfg. Corp.,* 438 F.Supp. 82 (N.D.N.Y. 1977) and *American Standard, Inc. v. Bendix Corp.,* 487 F.Supp. 254 (W.D.Mo. 1980)). Similarly, if the motion is based on the location of records and documents, the movant must show particularly the location, difficulty of transportation, and the importance of such records. *Id.* In this case, the defendant has failed to make such a showing, instead supporting its motion with mere conclusory allegations. Second, Plaintiff contends that one of reasons given by Defendant for underpayment of Plaintiff's claim was that the Hospital's charges exceeded what is "usual, reasonable and customary" for a similar facility in the area. Therefore, Plaintiff claims that, even if testimony were needed on the issue of what is "usual, reasonable and customary" in Southern California, such testimony would likely come from local expert witnesses. More importantly, Plaintiff points out that, because this is an ERISA case, this Court's review is likely to be limited to the administrative record alone, without the need for any additional witnesses. *See Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1090 (9th Cir.1999); *Mongeluzo v. Baxter Travenol Disability Benefit Plan,* 46 F.3d 938, 944 (9th Cir. 1995) (holding that the district court has discretion to allow evidence not before the administrator "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review" and that, in most cases, only the evidence that was before the plan administrator should be considered). At this point, Defendant has neither satisfactorily established that additional evidence would be necessary in this case, nor that the location of such evidence would weigh strongly in favor of transfer to Connecticut. The Court further finds that no addi-

tional factors support the granting of Defendant's motion.[3]

Therefore, having weighed the factors presented by the parties, the Court finds that transfer of the instant action to Connecticut would not serve the interests of justice. The Court therefore DENIES Defendant's motion to transfer.

## IV. CONCLUSION

Based on the foregoing, the Court DENIES Defendant's Motion to Dismiss or to Transfer in its entirety.

**IT IS SO ORDERED.**

---

**3.** The Court notes that, while certainly not dispositive, it is also relevant that both parties have retained counsel in California, thus alleviating any concern of hardship to Defendant on this basis.