In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1365

WELLS FARGO BANK, N.A.,

*Plaintiff-Appellee,*

*v.*

YOUNAN PROPERTIES, INC., *et al.*,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 8701 — **Charles P. Kocoras**, *Judge*.

ARGUED OCTOBER 28, 2013 — DECIDED DECEMBER 5, 2013

Before POSNER, WILLIAMS, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. In December 2011 Wells Fargo filed this diversity suit for breach of contract against Younan Properties, Sherry Younan, and Zaya Younan. The defendants moved for dismissal of the complaint on grounds of lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction over Sherry Younan because of absence of personal jurisdiction (presumably owing to lack of minimum contacts) in the state in which she was sued (Il-

linois), Fed. R. Civ. P. 12(b)(2), and insufficient service of process on her. Fed. R. Civ. P. 12(b)(5). The district judge ruled that the opposing parties were not of diverse citizenship and therefore the court lacked subject matter jurisdiction. The judge gave Wells Fargo leave to file an amended complaint to cure that defect if it could. Instead of doing that, Wells Fargo moved in September 2012, nine months after filing its original complaint, to be allowed to dismiss its suit without prejudice.

Rule 41(a)(2) of the civil rules provides, with immaterial exceptions, that "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*" (emphasis added). The defendants asked the district judge to condition voluntary dismissal on Wells Fargo's paying the legal expenses ($56,000 according to the defendants—we have rounded all dollar figures to the nearest thousand) that the defendants had incurred in preparing and filing motions to dismiss Wells Fargo's complaint on the alternative grounds that we mentioned. The judge agreed that the dismissal requested by Wells Fargo should be conditioned on its reimbursing the defendants for the $11,000 in legal expenses that they'd incurred in seeking dismissal on the ground of lack of diversity of citizenship (and hence of subject matter jurisdiction, there being no federal jurisdictional basis for the suit other than diversity). But he refused to condition dismissal on Wells Fargo's reimbursing the defendants for the other fees for which they were asking reimbursement. That refusal has precipitated this appeal. The defendants ask us to order Wells Fargo to pay them $56,000 – $11,000 = $45,000. The $45,000 they seek includes an addition to the $11,000 they were awarded for the expense of litigating the

issue of diversity. They want to re-itemize their legal bills to show they spent more than $11,000 on that issue. Too late; they should have done that in the district court. But that leaves the question whether they're entitled to any part of the $45,000 for the other expenses that they claim to have incurred in getting the suit dismissed.

Authorizing district judges to grant requests for voluntary dismissal "on terms that the [district] court considers proper" is terribly vague. It could be thought to give district courts unreviewable discretion, on the theory that a judge might "consider" anything to be proper. But that can't be right. We have to assume that implicitly the word "reasonably" intervenes between "court" and "considers." In a government of laws, judges are not permitted to make unreasonable rulings. "[D]iscretionary choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416 (1975), quoting *United States v. Burr*, 25 F. Cas. No. 14,692d, pp. 30, 35 (Cir. Ct. Va. 1807) (Marshall, C.J.). "We must not invite the exercise of judicial impressionism. Discretion there may be, but 'methodized by analogy, disciplined by system.' Cardozo, *The Nature of the Judicial Process* 139, 141 (1921). Discretion without a criterion for its exercise is authorization of arbitrariness." *Brown v. Allen*, 344 U.S. 443, 496 (1953), quoted in *In re Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978*, 954 F.2d 1279, 1334 (7th Cir. 1992) (per curiam).

Many decisions recite and apply the principle that a Rule 41(a)(2) determination is subject to review for abuse of discretion. See, e.g., *Colón Cabrera v. Esso Standard Oil Co.*

*(Puerto Rico), Inc.*, 723 F.3d 82, 87–88 (1st Cir. 2013); *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 241 (9th Cir. 1993); *McCants v. Ford Motor Co.*, 781 F.2d 855, 860–61 (11th Cir. 1986); see also *United States v. Criden*, 648 F.2d 814, 817–18 (3d Cir. 1981); Henry J. Friendly, "Indiscretion About Discretion," 31 *Emory L.J.* 747, 771–73 (1982). In the influential formula of Judge Calvert Magruder, a discretionary ruling by a lower court must be set aside if the reviewing court "has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors," *In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954), quoted in *Finley v. Parvin/Dohrmann Co.*, 520 F.2d 386, 390 (2d Cir. 1975) (Friendly, J.). That amounts to saying that the reviewing court must be highly confident that an error was committed. So the district judge in this case would be reversed had he conditioned voluntary dismissal of Wells Fargo's case on its CEO's wearing a dunce cap to signal contrition.

Normally a voluntary dismissal permitted under Rule 41(a)(2) is without prejudice, meaning that the plaintiff is free to refile his suit, for example in a state court if he sought dismissal because he either realized there was no federal jurisdiction or didn't think the issue of jurisdiction worth the time and expense of litigating over. A consequence of a voluntary dismissal on such a ground would be that the defendant's expenditures on contesting the existence of federal jurisdiction had been wasted, or largely so, because he had not killed the suit but had merely shifted it to another court. A judge who reasonably believed that the plaintiff had imposed a gratuitous expense on the defendant by filing in the wrong court and now wanted to dismiss without prejudice in the expectation of refiling in the right court

would therefore be justified in conditioning voluntary dismissal on the plaintiff's reimbursing some or all of the defendant's expenditures in litigating the jurisdictional issue. The plaintiff could avoid this expense by asking that the dismissal be with prejudice, or, if the judge refused, by withdrawing his motion to dismiss. See, e.g., *Marlow v. Winston & Strawn*, 19 F.3d 300, 304–05 (7th Cir. 1994); *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367, p. 551 (3d ed. 2008). But if as in this case the case is dismissed without prejudice "the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985); see also *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993); *Kern v. TXO Production Corp.*, 738 F.2d 968, 972–73 (8th Cir. 1984); *McLaughlin v. Cheshire*, 676 F.2d 855, 856–57 (D.C. Cir. 1982) (per curiam); 9 Wright & Miller, *supra*, § 2366, pp. 526–37.

Wells Fargo does not contest the judge's conditioning dismissal without prejudice on reimbursement of the $11,000 spent by the defendants to prove lack of subject matter jurisdiction. Unsatisfied, the defendants ask for reimbursement of the expenses they incurred in demonstrating insufficient service of process on her. (They dropped the Rule 12(b)(2) ground for dismissing her from the suit—lack of minimum contacts.) The judge thought $45,000 too much for that limited legal work. The defendants made no effort to justify to him their extravagant-seeming request, which included more than $9,000 for two briefs each of which was just half a page long and merely incorporated by reference another lawyer's brief.

An additional reason the defendants are not entitled to reimbursement for their expenses in trying to demonstrate absence of sufficient service on Sherry Younan is that the defense of insufficient service is deemed waived unless raised in a timely fashion, such as in a responsive pleading. Fed. R. Civ. P. 12(h)(1)(B)(ii). The defendants' answer to Wells Fargo's complaint (an answer is of course a responsive pleading) was filed on March 8, 2012, and contained no challenge to service. Not until July 9—four months after the defendants had filed their answer and nearly three months after Wells Fargo had filed a motion for summary judgment—did Sherry Younan, through new counsel, claim she'd never been served. That was too late. *In re State Exchange Finance Co.*, 896 F.2d 1104, 1106 (7th Cir. 1990); 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391, p. 501 (3d ed. 2004).

For completeness we address the possible bearing on this case of the family resemblance between Rule 41(a)(2) and 28 U.S.C. § 1447(c), which provides that when a party removes a case to federal district court and the court determines that there is no federal jurisdiction "the case shall be remanded" and the remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that such payment may be required "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If the same standard applies to requiring payment of expenses wasted by a defendant because the plaintiff is voluntarily dismissing his complaint, the defendants wouldn't be entitled even to the $11,000 the district judge awarded them, because they don't argue that the plaintiff lacked a

reasonable basis for invoking federal jurisdiction. They couldn't argue that with a straight face; a recent decision by the Supreme Court indicates that Wells Fargo is almost certainly a citizen of South Dakota, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307–09, 318 (2006), in which event there is complete diversity.

But Wells Fargo rightly does not argue for the section 1447(c) standard ("objective reasonableness"). Rule 41(a)(2) is worded very differently from section 1447(c). It does not mention attorney's-fee shifting, or indeed direct the district court to do anything at all. It merely authorizes the court to allow a voluntary dismissal upon such terms as the court thinks proper. We interpret this to mean that we can reverse the district court's order only if the terms strike us as unreasonable. With the plaintiff asking the court for a chance to bring the same suit against the same defendants in a different court, it is reasonable to require the plaintiff to compensate the defendants for any wasted motion forced upon them by the plaintiff's having chosen the wrong court. So the $11,000 award to the defendants is secure. But they are entitled to no more.

There is one loose end to tie up. At the oral argument of the appeal we asked the lawyers what the present state of the legal dispute between Wells Fargo and the defendants is and learned that Wells Fargo had refiled its suit in a state court in California. We were also told that Sherry Younan's conjoined issues of minimum contacts and sufficiency of service had evaporated because she was properly served in California and as a California resident she can't contest personal jurisdiction there. But all is not resolved. The contract on which Wells Fargo is suing has a forum selection clause

which provides that a suit to enforce the contract can be brought only in a state or federal court in Illinois. The defendants have moved to dismiss Wells Fargo's refiled California suit on that ground. And Sherry Younan has told the California court that if it dismisses the suit and Wells Fargo refiles in Illinois (necessarily in a state court, our district court having ruled that there is no federal subject matter jurisdiction in Illinois over the suit and Wells Fargo not having appealed that ruling, though the ruling may well be incorrect in light of the *Wachovia Bank* decision), the Illinois state court will have personal jurisdiction over her. Although that is contrary to what she told the district judge in the present case, she contests the applicability of the forum selection clause to her. She argues that her signature on the contract that Wells Fargo is suing on—the contract that contains the clause—was forged. If so, the expenses she has incurred in contesting personal jurisdiction were not wasted; she can use their fruits to oppose personal jurisdiction in Illinois should the suit return to this state pursuant to that clause. If her signature wasn't forged—if she's lying in contending that it was—the expenses that she incurred in fighting personal jurisdiction here were wasted—but only because of her lie. To put this another way, her challenge to personal jurisdiction is either reusable in the new litigation (if her signature was forged), or fraudulent if she lied about her signature being forged.

But in mentioning these complications we are straying beyond the appeal, which challenges the adequacy of the fee award on unconvincing grounds. The judgment is

AFFIRMED.