**IN RE: ANGOLA HEALTHCARE, LLC, Debtor**

**Angola Healthcare, LLC, Plaintiff**

**v.**

**Tara E. Fincannon, Defendant**

**CASE NO. 14–12365**
**PROC. NO. 15–1111**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Signed April 7, 2016

Daniel J. Skekloff, Scot T. Skekloff, Haller & Colvin, PC, Fort Wayne, IN, Jonathan D. Sundheimer, Barnes & Thornburg LLP, Indianapolis, IN, for Debtor.

## DECISION AND ORDER DENYING MOTION TO DISMISS OR TO TRANSFER VENUE

Robert E. Grant, Chief Judge, United States Bankruptcy Court

This matter is before the court on the defendant's motion to dismiss or transfer. Defendant contends that the Northern District of Indiana is not the proper venue for this proceeding and it should either be dismissed or transferred to the Southern District of Indiana. The issue of venue has not been properly preserved in the defendant's answer, has not been timely raised, and lacks merit; so the motion is DENIED.

The defense of improper venue is waived unless it is raised through a motion made before filing a responsive pleading or

included in that response. Fed R. Civ. P. Rule 12(b)(3), (h)(1). The defendant filed her answer to the complaint without raising the issue of venue and has never sought leave to amend. She argues, however, that the issue has been preserved through the third affirmative defense which states:

> The Defendant incorporates herein by reference all affirmative defenses available to them [sic] under Rules 8 and 12 of the Federal Rules of Civil Procedure.

That is not sufficient. Affirmative defenses are subject to all the pleading requirements of the Federal Rules of Civil Procedure. They must be set forth in a short and plain statement of facts that will give the plaintiff fair notice of the defense.[1] *Heller Financial, Inc. v. Midwhey Powder Co., Inc.* 883 F.2d 1286, 1294–95 (7th Cir. 1989). *See also, Surface Shields v. Poly–Tak Protection Systems,* 213 F.R.D. 307 (N.D.Ill.2003); *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179 *5 (W.D.Vir.2010) (the allegations should show the pleader has "some valid premise for asserting the defense and is not merely tossing it into the case like a fish hook without bait."); 5 Fed. Prac. & Proc. Civ. § 1274 (3d ed.). Bare bones and conclusory allegations do not suffice, *Heller Financial,* 883 F.2d at 1295; *Surface Shields,* 213 F.R.D. at 308, and the "assertion ... of a reserved right to rely upon unpleaded defenses is simply not a defense of any kind, much less an affirmative one." *Palmer,* 2010 WL

2605179 *6. *See also, In re Mission Bay Ski & Bike, Inc.,* 2009 WL 2913438 *5 (Bankr.N.D.Ill.2009).

■ The motion is also untimely. Even if the issue of venue was not completely waived by failing to include it in the answer, the defendant was obligated to alert the court and the parties of her intent to pursue it as soon it became reasonably apparent. *Venters v. City of Delphi,* 123 F.3d 956, 967 (7th Cir.1997); *Frietsch v. Refco, Inc.* 56 F.3d 825, 830 (7th Cir.1995) ("at the earliest possible opportunity"). This she has failed to do and she has failed to offer any explanation or excuse for the delay. To argue simply that trial has not yet been scheduled does not make the motion timely. *See, Baptiste v. Rohn,* 2015 WL 9460128 *4–5 (D.V.I.2015). *Cf., In re Eisaman,* 503 B.R. 95, 98 (Bankr. N.D.Ind.2013) (absence of a trial setting did not make the failure to disclose harmless).[2] The issue of venue was not raised until over four months after the defendant answered the complaint, after discovery had closed, and less than a month before the pre-trial order is due. It is too late to raise it now. *See, Wells Fargo Bank, N.A. v. Younan Properties, Inc.,* 737 F.3d 465, 469 (7th Cir.2013) (challenge to service of process filed four months after defendant's answer and three months after a motion for summary judgment not timely); *Venters v. City of Delphi,* 123 F.3d 956, 968 (7th Cir.1997) (statute of limitations defense not timely where discovery nearly complete and trial one month out).

---

1. There is a split among the courts as to whether affirmative defenses are subject to the more relaxed pleading standards of *Conley* (any set of facts) or the more rigorous "plausibility" standard established by *Twombly* and *Iqbal. See, Cottle v. Falcon Holdings Management LLC,* 2012 WL 266968 (N.D.Ind. 2012); 5 Fed. Prac. & Proc. Civ. § 1274 (3d ed.). Here, the defendant's pleading is so inadequate that it does not matter which standard the court might apply.

2. In order to avoid a trailing calendar or multiple trial settings, the court generally does not schedule matters for trial until a joint pretrial order, clearly identifying the issues to be tried, has been submitted and approved. *See, Eisaman,* 503 B.R. at 98 n. 3; Scheduling Order, Nov. 13, 2015, ¶ 6. If the absence of a trial setting is what determines the timeliness of a motion, the court would rarely encounter an untimely one.

Finally, the motion lacks merit. It is based upon 28 U.S.C. § 1409(d) which reads:

A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 *based on a claim arising after the commencement of such case* . . . only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought. 28 U.S.C. § 1409(d) (emphasis added).

This is an exception to the general venue provision which allows a case such as this to be commenced in the district where the bankruptcy case is pending. 28 U.S.C. § 1409(a). The debtor's bankruptcy is pending in the Northern District of Indiana, making venue here proper unless the claim sued upon arose after November 5, 2014, the date of the debtor's petition for relief under chapter 11. The defendant has overlooked the requirement for the exception, which is that the claim sued upon must arise *after* the bankruptcy case is filed. Plaintiff's claim is based upon events occurring between March 8, 2013 and July 23, 2014, *see,* Complaint, filed Sept. 14, 2015, p. 4, ¶ 23, all of which predate the November 2014 bankruptcy filing.

Alternatively, the defendant argues that this proceeding should be transferred to the Southern District of Indiana for the convenience of the parties. *See,* 28 U.S.C. § 1404(a). That argument also fails. Although the defendant asserts that transferring this case would increase the convenience of the parties and witnesses, and reduce the expense to all concerned, the motion has not been accompanied by any affidavits or other materials to support that proposition. The defendant bears the burden of proving that another forum is clearly more convenient, *Heller Financial,* 883 F.2d at 1293, and "mere allegations, standing alone, cannot be taken as proof of facts alleged in support of the motion." *Midwest Precision Services, Inc. v. PTM Industries Corp.,* 574 F.Supp. 657, 659 (N.D.Ill.1983) *citing Kisko v. Penn Central Transportation Co.,* 408 F.Supp. 984, 986 (M.D.Pa.1976). *See also, Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 756–57 (3rd Cir.1973); *Segil v. Gloria Marshall Management Co., Inc.* 568 F.Supp. 915, 919–20 (D.Utah.1983). Other than identifying the defendant as a resident of the Southern District, the motion does not identify any other witness who might be called to testify (or the nature of their testimony), making only unsupported suppositions about the likely majority of any others. That is not enough to persuade the court that transfer is appropriate. *See, Scheidt v. Klein,* 956 F.2d 963, 965–66 (10th Cir. 1992); *Segil,* 568 F.Supp. at 919; *Dark Horse Trading Co., Inc. v. Walt Disney Co.,* 1999 WL 33100013 *2 (N.D.Ill.1999).

For all of these reasons, the defendant's motion to dismiss and/or motion to transfer venue is DENIED.

SO ORDERED.