150 F.3d 735
 41 Fed.R.Serv.3d 336
 Samantha SALGADO, a minor by her father and next friend
Edwin SALGADO, and Edwin Salgado, individually,
Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION, a foreign corporation, Defendant-Appellee.
 No. 97-2590.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 15, 1998.
Decided July 23, 1998.
 
 Michael J. Frost and David P. Schippers (argued), Schippers & Bailey, Chicago, IL, for Plaintiffs-Appellants.
 Jennifer A. Kenedy (argued), Lord, Bissell & Brook, Chicago, IL, and Evan A. Burkholder, McGuire, Woods, Battle & Boothe, Richmond, VA, for Defendant-Appellee.
 Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.
 RIPPLE, Circuit Judge.
 
 
 1
 This is an action by a passenger injured in an automobile accident and her father, Samantha and Edwin Salgado ("Salgado"), against the manufacturer of the vehicle, General Motors Corporation ("GM"). The district court held that Salgado had failed to comply with the court's deadline for the submission of the reports of expert witnesses and therefore barred the testimony of those witnesses at the trial. Because this action left Salgado without a case, the district court also granted summary judgment in favor of GM. For the reasons set forth in the following opinion, we affirm the judgment of the district court.
 
 
 2
 * BACKGROUND
 
 A. Facts
 
 3
 On February 7, 1991, Edith Salgado, despite the flashing warning signs, drove her 1980 Buick Riviera around several stopped cars and the closed crossing gate into the path of an oncoming commuter train. The resulting collision caused the front right passenger seat to move backwards and to strike the child safety seat holding her seven month-old daughter Samantha. Samantha suffered serious head injuries from the impact with the seat.
 
 
 4
 On February 8, 1993, Samantha, by her father, Edwin Salgado, and Edwin individually, filed suit in Cook County Circuit Court against GM, the manufacturer of the car.[1] The suit claimed that a defect in the passenger seat of the Buick had caused it to fall back on impact, to hit Samantha and to cause her injuries. GM timely removed the case to federal court on the ground of diversity of citizenship of the parties.
 
 
 5
 Initially, the court ordered discovery to be completed by October 24, 1995. Salgado filed a motion for an extension on that date and was granted until January 24, 1996, an additional three months, to complete discovery. At a status hearing on January 25, 1996, one day after the discovery was to be completed, Salgado requested, and was granted, a second extension for the completion of discovery, until April 12, 1996. In requesting this extension, Salgado specifically asked for time to complete the expert witness reports of Dr. Anthony Sances, Jr. and Mr. John M. Stilson. Such expert witness reports are required pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.
 
 
 6
 In granting this second extension, the district court made clear that April 12th was the "final cut off" date, and that, unless the reports were turned in by the 12th, the case would get "dunked" and the plaintiffs would "lose."[2] The court then set the next status hearing for April 16, 1996. Despite the warning by the court, Salgado's counsel failed to file the reports by the further extended due date of April 12, 1996. Instead, the reports were submitted on Monday, April 15, the next business day following the deadline.
 
 B. Ruling of the District Court
 
 7
 After reviewing the history of the discovery timetable that we have just set forth, the district court noted that the expert witness reports had not been filed on time and that the reports that were filed were markedly deficient. The court characterized Dr. Sances' report as "conclusory" in nature and therefore "insufficient" under Rule 26(a). R.75 at 5. It characterized Mr. Stilson's report in the same way, noting that the report was devoid of any factual basis for its conclusory opinions. The court further noted that Mr. Stilson had admitted that his report lacked a detailed discussion because he had not been provided with discovery materials. Moreover, although the document did provide an index to the materials that Mr. Stilson had reviewed, the index was not keyed to the various opinions that he had expressed.
 
 
 8
 The district court also addressed the explanation that Salgado's counsel offered: He asserted that the reports were cursory because he and opposing counsel had an understanding that the reports would be "preliminary" in nature. In dealing with this explanation by Salgado's counsel, the district court noted that opposing counsel had, at the court's request, filed an affidavit stating that he had never waived, implicitly or explicitly, the requirements of Rule 26; moreover, he had never agreed to accept preliminary reports that were less detailed than those required by Rule 26. The court also pointed out that, although opposing counsel had made himself available for a deposition on this matter, counsel for Salgado had never deposed him. Accordingly, the court found that it was not the custom or practice of defense counsel to waive the requirements of Rule 26 in cases with Salgado's counsel. The court found, moreover, that there was no evidence of such an agreement in this particular case. Nor was the court willing to characterize the deficiency as harmless because defense counsel had handled similar cases and therefore must understand the substance of the plaintiffs' witnesses' reports. The court cannot, it concluded, impute to defense counsel what counsel might or might not know about the opinions of the plaintiffs' experts.
 
 
 9
 More importantly, continued the court, the position of Salgado's counsel with respect to the preliminary character of the reports "essentially nullifies the requirements of Rule 26." R.75 at 9. In the court's view, Rule 26 requires a full statement of an expert's "opinions and the basis for those opinions irrespective of the particular case or defendant." Id. at 10. Accordingly, the district court determined that the reports were untimely and did not comply with the requirements of Rule 26(a). Because the court found no substantial justification for the plaintiff's failure to comply with Rule 26(a), it granted GM's motion to bar the testimony of both experts.
 
 
 10
 The court also denied Salgado's motion to file a supplemental report to the earlier report of Mr. Stilson. The court noted that Salgado had had custody of the crash vehicle for three years and that a disassembly and laser mapping of the vehicle had taken place on April 13, 1995, a year before the filing of the report. Although Mr. Stilson had inspected the vehicle in April of 1995, it took him a year to file a preliminary report. Furthermore, noted the court, although Mr. Stilson had attempted to justify the preliminary nature of his submission on the ground that he lacked discovery materials, there was no dispute among the parties that GM had not been served with requests for discovery. The court found "troubling" that Mr. Stilson could now tender a report containing the basis and reasons for his previously-expressed opinions even though he still lacked the discovery materials that he had considered so essential to arriving at those reasons. "[W]e can only conclude," said the court, "that plaintiffs are now attempting to supplement Mr. Stilson's preliminary report with information readily available prior to the court-ordered discovery deadlines." R.75 at 11.
 
 
 11
 The court subsequently granted GM's motion for summary judgment. The exclusion of the experts' testimony left Salgado without a case.II
 
 DISCUSSION
 1.
 
 12
 This case comes to us from the grant of a motion for summary judgment. The standard of appellate review from such a disposition in the district court is de novo. See Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 722 (7th Cir.), petition for cert. filed, 67 USLW 3082 (U.S. July 2, 1998) (No. 98-66); Fisher v. Wayne Dalton Corp., 139 F.3d 1137, 1140 (7th Cir.1998). Here, however, the disposition of the motion for summary judgment was entirely dependent on the district court's earlier ruling on the motion to exclude Salgado's expert witnesses for noncompliance with Rule 26(a). This ruling is reviewed under the abuse of discretion standard. See Cummins v. Lyle Indus., 93 F.3d 362, 367 (7th Cir.1996); Doe v. Johnson, 52 F.3d 1448, 1464 (7th Cir.1995); Patterson v. Coca-Cola Bottling Co., 852 F.2d 280, 283-84 (7th Cir.1988). Under this standard, we shall affirm the judgment of the district court whenever we believe that the district court chose an option that was among those from which we might expect a district court reasonably to choose. See United States v. Allison, 120 F.3d 71, 74 (7th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 455, 139 L.Ed.2d 389 (1997).[3] As our case law makes very clear, however, this standard is not without teeth. See Cunningham v. Waters Tan & Co., 65 F.3d 1351, 1360 (7th Cir.1995); Land v. Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Health & Welfare Fund, 25 F.3d 509, 515 (7th Cir.1994); Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 936 (7th Cir.1989) (en banc); In re Ronco, Inc., 838 F.2d 212, 217-18 (7th Cir.1988). In applying this standard, we scrutinize the district court's determination to ensure that it invoked the correct legal standards and that its findings of fact are not clearly erroneous.[4]
 
 2.
 
 13
 Our use of the deferential standard to review a sanction imposed under Federal Rule of Civil Procedure 37 is a function of the appropriate division of capacity, and therefore responsibility, between the trial and appellate courts.[5] It does not denigrate the importance of the decision. Depriving the parties of a merits disposition is serious business. As we wrote in Schilling v. Walworth County Park and Planning Commission, 805 F.2d 272 (7th Cir.1986):The sanction of dismissal with prejudice must be infrequently resorted to by district courts in their attempts to control their dockets and extirpate nuisance suits.... In the normal course of events, justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts.
 
 
 14
 Id. at 275 (citation omitted). The words of Judge Charles Clark of the Second Circuit in Gill v. Stolow, 240 F.2d 669 (2d Cir.1957), must be remembered whenever the sanction of dismissal is contemplated:
 
 
 15
 In final analysis, a court has the responsibility to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default.
 
 
 16
 Id. at 670. Therefore, when reviewing the decision of a district court to impose the drastic sanction of dismissal, "[r]eluctant as we are to interfere," id., we cannot let stand a dismissal that, in light of the entire record, is not "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 672 (7th Cir.1996). This does not mean, of course, that the district court must choose the least drastic or most reasonable sanction. See id.; Marrocco v. General Motors Corp., 966 F.2d 220, 225 (7th Cir.1992). But the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction. Of course, we must also scrutinize the district court's methodology. Although the district courts have significant flexibility in the application of the rules in question, that latitude is clearly constrained by the principles of due process of law. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).
 
 3.
 
 17
 When we deal with sanctions for violations of the rules governing litigation, we must begin, of course, with the text of those rules. Two rules are implicated in the decision of this case, Rules 26 and 37 of the Federal Rules of Civil Procedure. In pertinent part, they read as follows:
 
 
 18
 Rule 26. General Provisions Governing Discovery; Duty of Disclosure
 
 
 19
 (a) Required Disclosures; Methods to Discover Additional Matter.
 
 
 20
 ....
 
 
 21
 (2) Disclosure of Expert Testimony.
 
 
 22
 (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
 
 
 23
 (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
 
 
 24
 (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).
 
 
 25
 Fed.R.Civ.P. 26.
 
 
 26
 Rule 37. Failure to Make Disclosure or Cooperate in Discovery: Sanctions
 
 
 27
 ....
 
 
 28
 (c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
 
 
 29
 (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.
 
 
 30
 Fed.R.Civ.P. 37.
 
 
 31
 The plain wording of these rules makes it clear that the district court acted well within its discretion in setting the schedule it did and in requiring the adherence of the parties to that schedule. The schedule for discovery was set clearly and Salgado was afforded significant extensions to complete the work. Indeed, the last extension was for the specific purpose of affording Salgado an opportunity to complete the necessary preparation for the submission of the required experts' reports. Despite this careful planning on the part of the district court and its specific warning to Salgado that failure to meet its final deadline would result in dismissal, Salgado never offered--indeed, does not offer to this date--a satisfactory explanation for its failure to comply with the directive of the district court. Counsel's efforts to suggest that it was difficult for him to work with his own expert witnesses within the three-year time frame between the filing of the complaint and the deadline for discovery is without substance.
 
 
 32
 Moreover, we can find no reason to quarrel with the district court's determination that the reports that were submitted, albeit late, were not in compliance with Rule 26.[6] Nor did the district court abuse its discretion in determining that the defendants had not waived their right to the report contemplated by Rule 26. We also can find no fault with the district court's determination that Salgado's failure ought not be deemed harmless. No matter what GM's experience with this issue or with Salgado's counsel may have been in the past, a matter that Salgado declined to pursue fully by failing to depose opposing counsel, GM had a right to know the conclusions of these particular expert witnesses with respect to this particular accident. Moreover, the court has a right, independent of the parties, to conduct trial preparation in a manner that husbands appropriately the scarce judicial resources of that busy district.
 
 
 33
 Not only do we believe that the violation of Rule 26 is clearly established but we also believe that the district court acted well within its discretion when it decided to impose the sanction of precluding the witnesses from testifying. As we noted in Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.1996), the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. As we have just demonstrated, Salgado has established neither of these mitigating circumstances. Here, moreover, although the district court is not required to fire a warning shot, Salgado was told in very graphic terms that the consequence of noncompliance with the court's order would be the end of his case-"[I]t gets dunked, you lose...." R.116 at 5. Indeed, counsel replied that he heard the message "loud and clear." Id.
 
 
 34
 If any further justification were necessary for the sanction, we think that the substance of Salgado's tendered supplemental report would certainly supply it. Although Salgado had attempted to defend the "preliminary" nature of the initial reports tendered to the district court by suggesting that their superficiality was necessary because of the lack of discovery information, he readily tendered a more thorough report as soon as it was apparent that the district court was serious about the imposition of the exclusion sanction. As the district court noted, because discovery was closed in the case, the information contained in the supplemental report must have been available before the missed deadline.
 
 4.
 
 35
 Throughout this opinion, we have referred to the parties as the key actors in this sorry situation. Of course, the matters we have been discussing, the completion of discovery and the filing of witness reports, are, in the normal course of civil litigation, the responsibility of counsel. Here, a young person, injured in infancy, is denied a merits decision apparently because the attorney retained by her parent did not comply with the usual constraints placed by the district court on the parties to ensure the efficient management of litigation. As we pointed out in Patterson v. Coca-Cola Bottling Co., 852 F.2d 280 (7th Cir.1988), the fact that the client is affected by the delicts of counsel is not a justification for excusing counsel's conduct or for mitigating the operation of the rule. See id. at 284; see also Link v. Wabash R.R., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Sweat v. Peabody Coal Co., 94 F.3d 301, 306 (7th Cir.1996). However, we point out that a client whose interests are harmed by an attorney is, of course, not without a remedy. See Patterson, 852 F.2d at 284 n. 5.
 
 Conclusion
 
 36
 The district court acted well within its discretion in determining that Salgado had not complied with Rule 26 of the Federal Rules of Civil Procedure. Counsel failed to submit the expert witness reports in a timely fashion. When the reports were submitted, they were deficient in substance and counsel offered no meritorious excuse for the deficiency. The district court also acted well within its discretion when it imposed the sanction of excluding the testimony of the expert witnesses. Salgado has made no showing that the violation of Rule 26 was substantially justified or harmless. Indeed, the district court was on solid ground in concluding that the effort to file a supplemental report containing the requisite information demonstrated that the violation of the Rule was an egregious one. Moreover, the district court explicitly warned counsel of the consequences of noncompliance. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Century Products, the manufacturer of the car seat, originally a defendant, was granted summary judgment and is not now a party in this appeal
 
 
 [2]
 In response to the plaintiffs' request for a second extension for the completion of discovery at the January 25, 1996 status hearing, the court stated: "How about if we say a final cut off, this is it, date for--and then it gets dunked, you lose, if it [all discovery, including Rule 26 expert witness reports] is not in [by] April 12th?" R.116 at 5
 
 
 [3]
 See also United States v. Depoister, 116 F.3d 292, 294 (7th Cir.1997) (reviewing trial court's denial of trial continuance); Gateway Eastern Ry. Co. v. Terminal R.R. Ass'n of St. Louis, 35 F.3d 1134, 1142 (7th Cir.1994) (reviewing trial court's determination of amount of bond to be posted); Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 390 (7th Cir.1984) (reviewing trial court's preliminary injunction rulings)
 
 
 [4]
 See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."); United States v. Silva, 140 F.3d 1098, 1101 n. 4 (7th Cir.1998) (stating that a "district court abuses its discretion when it makes an error of law or when it makes a clearly erroneous finding of fact"); Doe v. Maywood Hous. Auth., 71 F.3d 1294, 1299 (7th Cir.1995) (stating that district court abuses its discretion "when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence"); Cunningham, 65 F.3d at 1354 (stating that we shall reverse the district court "only if it based its decision on a clear error of fact, or if it abused its discretion")
 
 
 [5]
 The Supreme Court has made clear that, because the judicial actor better positioned to decide factual determinations and to rule on legal issues relating thereto is the district court, an appellate court's review of such issues in the context of a sanctions determination should be deferential in order to "streamline the litigation process." See Cooter & Gell, 496 U.S. at 404, 110 S.Ct. 2447 (discussing Pierce v. Underwood, 487 U.S. 552, 559-60, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). For this reason, the abuse of discretion standard governs appellate review of sanctions for the abuse of the discovery process. See Corley v. Rosewood Care Ctr., Inc., 142 F.3d 1041, 1052 (7th Cir.1998) (noting that "[d]istrict judges enjoy broad discretion in settling discovery disputes and in delimiting the scope of discovery in a given case," declaring our review to be "necessarily deferential"); Sweat v. Peabody Coal Co., 94 F.3d 301, 306 (7th Cir.1996) (noting "that the district court's power to levy sanctions against court participants so as to effectuate compliance with the court's discovery directives inheres in its role as administrator of the litigation," concluding that our review of such discretionary decisions is deferential)
 
 
 [6]
 Rule 26(a) expert reports must be "detailed and complete." Fed.R.Civ.P. 26 Advisory Committee's note; see also Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 571 (5th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 57, 136 L.Ed.2d 20 (1996). A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. Fed.R.Civ.P. 26 Advisory Committee's note; see also Smith v. State Farm Fire & Cas. Co., 164 F.R.D. 49, 53 (S.D.W.Va.1995); cf. Walsh v. McCain Foods Ltd., 81 F.3d 722, 727 (7th Cir.1996). The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources. See Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.), cert. denied, 516 U.S. 822, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995). Expert reports must not be sketchy, vague or preliminary in nature. Fed.R.Civ.P. 26 Advisory Committee's note; see also Sierra Club, 73 F.3d at 571. Disclosures must not be used as a means to extend a discovery deadline. See id. Expert reports must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions. See Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J.1996)
 Compliance with Rule 26, in particular with the requirement of total disclosure, is emphasized in the Advisory Committee comments. The "incentive for total disclosure" is the threat that expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule 37(c)(1). The availability of this sanction "put[s] teeth into the rule." Richard M. Heimann & Rhonda L. Woo, Import of Amended Federal Rule of Civil Procedure 26(a), 506 PLI/Lit 279, 293 (July-Aug. 1994). The rule presents alternatives less severe than exclusion of the expert testimony, however. If the expert's report contains only incomplete opinions, the court may choose to restrict the expert's testimony to those opinions alone. See Robert Matthew Lovein, A Practitioner's Guide: Federal Rule of Civil Procedure 26(a)--Automatic Disclosure, 47 Syracuse L.Rev. 225, 255 (1996).
 The comments of the Advisory Committee make clear that the expert's reports are to be a detailed and complete statement of the testimony of the expert on direct examination. It is expected that the reports will be far more complete and detailed than the practice in responding to interrogatories under former Rule 26(b)(4)(i). The comments also indicate that while the rule does not preclude counsel from assisting in preparing the report, it should be written in a manner that reflects the testimony to be given by the witness and must be signed by the expert.
 Heimann, 506 PLI/Lit at 292-93. In A Practitioner's Guide, the author itemizes the information that must be contained in the expert's report in a complete and detailed fashion:
 (1) a complete and detailed statement of all opinions to be expressed at trial and the basis and reasons in support of those opinions. In simple language, this means that the report must contain all information relating to "how" and "why" the expert reached the conclusions and opinions contained within the report;
 (2) the data or other information considered by the witness in forming the opinions. This means "what" the expert saw, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions contained within the report. This includes factual information given to the expert by the attorney in forming an opinion;
 (3) all exhibits to be used as a summary of or support for the opinions. This category encompasses demonstrative evidence which summarizes or supports the expert's opinions;
 (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;
 (5) the compensation being paid for the study and testimony given by the expert; and
 (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. At a minimum, the identification of "cases" should include the name of the court or administrative agency, the names of the parties, the case number, and whether the testimony was by deposition or at trial.
 Lovein, 47 Syracuse L.Rev. at 257-58 (citations omitted); see also Steven E. Feldman et al., Mandatory Disclosure and the Rocket Dockets Accelerating the Processes of Litigation, 456 PLI/Pat 269, 283 (Nov. 1996) (listing requirements of Rule 26(a)(2)); Reed v. Binder, 165 F.R.D. 424 (D.N.J.1996) (same).
 It is the responsibility of the attorney to ensure that the expert's report contains complete opinions that are properly and thoroughly set forth and supported; it should be the goal of the parties to eliminate surprise, avoid unnecessary depositions and reduce costs. See Reed, 165 F.R.D. at 429 (citing Sylla-Sawdon, 47 F.3d at 284). We agree with the Tenth Circuit that Rule 26 enhances the district court's role as "gatekeeper," for it permits "an early and full evaluation" of evidentiary problems in a case and allows the court to "make an early pretrial evaluation of issues of admissibility" carefully and meticulously. Robinson v. Missouri Pacific R.R. Co., 16 F.3d 1083, 1089 (10th Cir.1994). Without such completeness, counsel and the party he represents risk the imposition of sanctions under Rule 37.