GUARANTEE TRUST LIFE
INSURANCE COMPANY,
Plaintiff,

v.

AMERICAN MEDICAL AND LIFE
INSURANCE COMPANY,
Defendant.

No. 10 C 2125.

United States District Court,
N.D. Illinois,
Eastern Division.

July 26, 2013.

See also 2010 WL 3721403.

Cornelius Edward McKnight, Courtney A. Adair, McKnight, Kitzinger, McCarty & Pravdic, LLC, Chicago, IL, for Plaintiff.

Daniel Keenan Ryan, Peter E. Pederson, Jr., Hinshaw & Culbertson, Fritz K. Huszagh, Lewis Brisbois Bisgaard & Smith, Chicago, IL, for Defendant.

### *ORDER*

MARIA VALDEZ, United States Magistrate Judge.

This matter is before the Court on Plaintiff Guarantee Trust Life Insurance Company's ("GTL" or "Plaintiff") Motion to Bar Expert Testimony [Doc. No. 197] and Defendant American Medical and Life Insurance Company's ("AMLI" or "Defendant") Motion to Compel Payment of Travel Expenses and Deposition Fee [Doc. No. 200]. For the reasons stated below, Plaintiff's motion is denied and Defendant's motion is granted.

## I. *Background*

The present case concerns two reciprocal reinsurance treaties between Plaintiff and Defendant that covered time periods in 2008 and 2009. The issues before the Court are whether Plaintiff's expert, Scott McGregor, was properly disclosed as a non-retained expert witness under Fed.R.Civ.P. 26(a)(2)(C) and which party should pay for the costs of his most recent deposition. McGregor worked as AMLI's Chief Financial Officer from 2007 through June 2010, and was later retained by AMLI as a consultant in the summer of 2011. (McGregor Fact Dep. at 9:8–10:14, 17:1–11 [Doc. No. 204–1].) He was first deposed by GTL on May 14, 2012 as a fact witness. (Def.'s Resp., Ex. 1 [Doc. No. 204–1].) In November 2012, AMLI disclosed him as an expert witness. (Def.'s Resp., Ex. 10 [Doc. No. 204–10].) On January 21, 2013, GTL filed a motion to compel McGregor's deposition to be held in Chicago, and offered to pay McGregor's travel expenses in open court. (Pl.'s Mot. at 2 [Doc. No. 200].) This Court granted the motion and, on March 8, 2013, Plaintiff deposed McGregor as an expert. (Def.'s Resp., Ex. 11 [Doc. No. 204–11].)

In its motion, GTL asserts that McGregor is a retained expert witness who was improperly disclosed by AMLI as a non-retained expert witness, and that McGregor's testimony should therefore be barred. (Pl.'s Mot. at 4–8 [Doc. No. 197].) GTL argues that because McGregor is a former employee of AMLI, was retained to offer his opinions in this case, and is requesting a fee, he is a retained expert and falls within Fed.R.Civ.P. 26(a)(2)(B). (*Id.* at 5–6.) AMLI responds that McGregor was properly disclosed as a non-retained expert witness based on the "treating physician" exception found in our case law. (*See* Def.'s Resp. at 5–9 [Doc. No. 204].) This merely requires a summary disclosure rather than an expert report prior to the taking of his deposition. Fed.R.Civ.P. 26(a)(2)(B)-(C). Since McGregor did produce a summary disclosure, AMLI argues, his testimony should not be barred. (Def.'s Resp. at 5–9%.)

AMLI asserts in its own motion that GTL is required to pay McGregor's travel expenses pursuant to this Court's order to compel the deposition to be in Chicago, and that

GTL must pay for the expert deposition fee under Rule 26(b)(4)(E). (Def.'s Mot. at 1–2.) GTL allows that it is responsible for McGregor's deposition travel expenses, but argues that it is not required to pay for the deposition fee because the court did not specifically order GTL to pay this fee. (Pl.'s Resp. at 2 [Doc No. 205].)

## II. *Proper Expert Disclosure*

Before a deposition, an expert witness must make certain disclosures regarding his opinions on the facts at issue in the case, but the nature of those disclosures depends on how the expert is classified. "If the witness is one retained or specially employed to provide expert testimony in the case" or one whose job is to regularly give expert testimony, then the witness must provide a detailed report. Fed.R.Civ.P. 26(a)(2)(B). "Retained" expert witness disclosures under Rule 26(a)(2)(B) must be highly detailed to be sufficient. Fed.R.Civ.P. 26 advisory committee's note; *Salgado by Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998) (holding that full expert witness disclosures must contain the expert's opinions and full reasoning behind these opinions in a way that is neither "sketchy" nor conclusory). Any other expert witness must provide a summary disclosure, which is less extensive. Fed.R.Civ.P. 26(a)(2)(C). This requirement arose recently, in a 2010 change to Rule 26; previously, no disclosures were required of a non-"retained" expert. *See Coleman v. Am. Family Mut. Ins. Co.,* 274 F.R.D. 641, 645 (N.D.Ind.2011). Non-"retained" experts' summary disclosures must contain merely "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *Coleman,* 274 F.R.D. at 645. Thus whether McGregor was a "retained" expert under our Rules determines whether the summary disclosure prior to his deposition was sufficient.

The distinction between retained and non-retained experts arises most often in the context of physicians and other health-

care providers. *See Coleman,* 274 F.R.D. at 645 (*citing* Fed.R.Civ.P. 26 advisory committee's note). In the case of physicians, the designation of retained or non-retained is generally determined by the reason the physician was sought. *Id.* at 645. A physician sought only for treatment is not "retained for the purposes of litigation," and even if the treating physician will offer an opinion on causation, the physician may not be retained within the meaning of Rule 26 as long as she was not retained expressly to review materials and form such an opinion. *Id.* at 645. Put another way, a treating physician is only retained when he "gives opinions beyond the scope of his own observation." *Zurba v. United States,* 202 F.R.D. 590, 592 (N.D.Ill. 2001). Other jurisdictions have applied this logic beyond physicians and to expert witnesses more generally. *United States v. Sierra Pac. Indus.,* No. 09 C 2445, 2011 WL 2119078, at *4 (E.D.Cal. May 26, 2011) (holding that the difference between retained and non-retained experts is that non-retained experts gain their information through percipient observations, while retained experts gain their information in any other manner). The Court finds this logic compelling. The language of Rule 26 applies to all experts, not just physicians, and the change to Rule 26 ensures that even experts not "retained for the purposes of litigation" must still disclose a summary of the facts and opinions at the heart of their testimony.

█ Thus, a former employee may be a non-retained expert for the purposes of Rule 26(a)(2) if he is a percipient witness and is testifying based upon his personal knowledge of the facts or data at issue in the litigation. *See Sierra Pac. Indus.,* 2011 WL 2119078, at *4. Here, AMLI treated McGregor as a non-retained expert who needs to submit only summary disclosures. McGregor was indeed a percipient witness to the mutual reinsurance treaty between AMLI and GTL from 2008 to 2011. (*See* McGregor Fact Dep. at 9:8–10:14.) It appears that he was sought by AMLI for his knowledge of the transactions between AMLI and GTL, not for the purpose of reviewing new materials expressly for litigation. (Def.'s Resp. at 3.) The Court concludes that he was not retained for the purposes of litigation, and therefore only a summary disclosure was required. *See* Fed. R.Civ.P. Rule 26(a)(2)(C).[1] McGregor's summary expert disclosure contains both the subject matter of the testimony and a summary of the facts and opinions on which he was supposed to testify. (Def.'s Resp., Ex. 10 [Doc. No. 204–10].) McGregor was therefore properly disclosed pursuant to Rule 26.

### III. *Scope of Expert Testimony*

█ Non-retained experts must only testify about opinions that were formed during the course of their participation in the relevant events of the case, and only to those opinions which were properly disclosed. As a result, McGregor may only testify to opinions formed during, and as part of, his employment with AMLI, and not those that he developed later or in anticipation of litigation.

An expert's testimony at trial may also be limited to opinions properly disclosed. *See McBrian, Inc. v. Liebert Corp.,* 173 F.R.D. 491, 494 (N.D.Ill.1997). Even so, questions asked at depositions may expand the scope of the expert's testimony. *See In re Sulfuric Acid Antitrust Litig.,* 235 F.R.D. 646, 659 (N.D.Ill.2006) (stating that questions asked at a deposition that go beyond the reports "may well have a bearing on the permissible scope of testimony at trial").

GTL alleges six instances in which McGregor exceeded the scope of permissible testimony for a non-retained expert witness. For the following reasons, the Court disagrees with GTL that McGregor exceeded the permissible scope of his testimony.

*McGregor Expert Dep. at 171–172*

█ GTL claimed that McGregor testified to events in 2012, after he left AMLI, and to opinions not formed during his time at AMLI. (Pl.'s Mot. at 5.) However, McGregor was answering questions related to a cash call from February 2010. (*See* McGregor

---

1. GTL argues that McGregor's testimony exceeded his knowledge as a percipient witness and that this indicates he should be treated as a retained expert. As discussed below, the Court finds that McGregor did not exceed the permissible scope of his testimony in his deposition, which supports the conclusion that AMLI did not err or mislead in disclosing him as a non-retained expert.

Expert Dep. at 164:6–171:11.) While McGregor stated that he was certain that the balance of the claims fund was not zero when the cash call was issued, this was testimony about an opinion formed during and as part of McGregor's participation in the mutual reinsurance treaty at issue and is not beyond the permissible scope.[2]

*McGregor Expert Dep. at 18:16–22*

■ GTL claims that McGregor formed opinions on the day of the deposition because he testified that he could offer opinions about the accuracy of information under the treaties if provided to him that day. However, McGregor was clear that he could not render opinions formed as of the date of the deposition, but rather that he could look at information that day and assess whether it was accurate. [McGregor Expert Dep. at 18:13–20.] That does not violate Rule 26.

*McGregor Expert Dep. at 159:17–161:8*

■ GTL claims that McGregor testified as to an erroneous calculation as of 2012. (Pl.'s Reply at 3 [Doc. No. 208].) However, McGregor testified based on his knowledge of the terms of the treaty during the time he was employed to give an account of the requirements under the treaty and a prognosis of the future condition of the fund. [McGregor Expert Dep. 161:6–162:6.]

*McGregor Expert Dep. at 160:10–14*

■ GTL claims that McGregor formed an opinion based upon a 2012 spreadsheet. (Pl.'s Reply at 3.) McGregor appeared to be responding to the question asked by GTL based upon his knowledge of the treaty during his employment, however, and comparing his understanding to the calculations in the spreadsheet. [McGregor Expert Dep. at 159:14–16; 161:6–9.]

*McGregor Expert Dep. at 45:24–48:17*

■ GTL claims that McGregor stated he had reviewed documents subsequent to his employment. (Pl.'s Reply at 3.) But McGregor is clear in his testimony that he only reviewed documents during his employment as AMLI's CFO and then as its consultant. [McGregor Expert Dep. at 46:17–47:2; 18:13–15.]

*McGregor Expert Dep. at 48:18–23*

■ GTL also claims that Scott McGregor testified he would offer testimony about future calculations if asked. (Pl.'s Reply at 3.) However, answering that he *could* respond to a question if asked does not itself constitute an opinion formed based upon new information that would be beyond the scope of McGregor's employment, and he has not offered such an opinion. We need not issue what is "essentially a prophylactic ruling that [defendant] is to comply with the established rules of civil procedure." *Tuf Racing Products, Inc. v. Am. Suzuki Motor Corp.*, No. 94 C 50392, 1998 WL 299300, at *2 (N.D.Ill. June 3, 1998).

## IV. *Deposition Costs*

■ "Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for the time spent in responding to discovery under Rule 26(b)(4)(A)." Fed. R.Civ.P. 26(b)(4)(E). Furthermore, "the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." Fed.R.Civ.P. 26 advisory committee's note. Because the Federal Rules do not distinguish between retained and non-retained experts in Rule 26(b)(4)(E), formerly Rule 26(b)(4)(C), this Rule "squarely directs that all testifying experts who are deposed be paid a reasonable fee." *Hoover v. United States*, No. 01 C 2372, 2002 WL 1949734, at *6 (N.D.Ill. Aug. 22, 2002). McGregor's $150 per hour rate for five hours (totaling $750) is reasonable and therefore must be paid by Plaintiff.

In addition, this Court granted Plaintiff's request for the deposition to be held in Chicago rather than New York in reliance upon Plaintiff's request to pay the expert's travel expenses. [Doc. No. 185.] GTL does not object to paying the travel expenses. Therefore, Plaintiff must pay for McGregor's travel expenses of $1,272.73, plus his deposition fee of $750, for a total of $2,022.73.

---

**2.** The fact that he reviewed certain of the documents in 2012, once litigation had begun, does not render his opinion one from 2012. Nor is it inherently inappropriate; indeed, he may well have done it with the purpose of preparing to be deposed as a witness to the events in 2010.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to bar [Doc. No. 197] is denied, and Defendant's motion to compel [Doc. No. 200] is granted. Plaintiff is ordered to pay $2,022.73 for the costs associated with the McGregor expert deposition.

**SO ORDERED.**