In re Paul Edward EISAMAN, Jennifer Lynn Eisaman, Debtors.

Paul Edward Eisaman, Jr., Jennifer Lynn Eisaman, Plaintiffs

v.

Chase Home Finance LLC, Defendant.

No. 07–12260.
Proc. No. 12–1064.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Nov. 14, 2013.

Sarah Mustard Heil, Daniel J. Skekloff, Scot T. Skekloff, Skekloff & Skekloff, LLP, Fort Wayne, IN, for Plaintiffs.

Christina M. Bruno, David J. Jurkiewicz, Weston Erick Overturf, Bose McKinney & Evans LLP, Indianapolis, IN, for Defendant.

### DECISION AND ORDER GRANTING MOTION IN LIMINE

ROBERT E. GRANT, Bankruptcy Judge.

At Fort Wayne, Indiana, on November 14, 2013

■ Rule 26(a) of the Federal Rules of Civil Procedure requires litigants to voluntarily disclose certain information to the other parties to the action. The purpose for doing so is to expedite discovery. Fed. R.Civ.P. Rule 26(a)(1) Advisory Committee Note of 1993. Among other things, they are supposed to provide:

(a) Required Disclosures.

  (1) Initial Disclosure.

    (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

    (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

    (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. Fed.R.Civ.P. Rule 26(a)(1)(A)(I), (ii).

If a party fails to do so, it may not "use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. Rule 37(c)(1). The burden of proving substantial justification or harmlessness is on the disobedient party. *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir.1996); *Salgado by Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998). *See also, Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir.2008); *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 21 (1st Cir.2001).

Defendant, Chase Bank, did not make any of the initial disclosures required by Rule 26(a)(1). Furthermore, although properly served with a request for the production of documents, it did not comply until August 14, 2013, two days before the parties were to submit a joint proposed pre-trial order,[1] when it delivered 5,000 pages of documents to plaintiffs' counsel. By that time, not only had the deadline for production passed, the deadline for completing all discovery had expired as well. Order dated March 21, 2013.

At trial, Chase proposes to call an "employee with personal knowledge" as a witness[2] and to use loan payment histories as exhibits. *See,* Joint Proposed Pre–Trial Order, filed Aug. 16, 2013, pp. 16–17. Plaintiffs have filed a motion in limine asking the court to prohibit it from doing so because neither the proposed exhibits nor the not-yet-named-witness were disclosed as required. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Such matters are committed to the court's discretion. *See, David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir.2003); *Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir.2002); *Finley,* 75 F.3d at 1230.

There is no dispute that Chase failed to make the initial disclosures required by Rule 26(a) or that its eventual response to Plaintiffs' request for production was woefully late. As a result, the only question is whether its actions were substantially justified or harmless. *Finley,* 75 F.3d at 1230. ("The sanction of exclusion is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.")

Defendant makes no attempt to justify its belated disclosure and production of documents. As for the failure to disclose witnesses, the bank states that its standard practice is to wait until a deposition or a trial has been scheduled before confirming the identity of a witness and, since plaintiffs never requested a deposition, they have not been prejudiced and so should not be heard to complain. This argument totally miscomprehends the nature of the defendant's obligation under Rule 26(a). While the court can understand that, where several different individuals might be used to offer the same testimony, from a staffing and scheduling standpoint the bank might want to delay making a final decision as to which of them it will use until it knows when the witness will be needed; but that does not explain or justify the failure to disclose the identity of the individuals who comprise the pool from which the witness will be drawn. There seems to be no reason the defendant could not have done that. Its failure to do so deprives the plaintiffs of the opportunity to choose a particular individual

---

1. The original schedule for the litigation required a joint pre-trial order to be filed by February 17, 2013. *See,* Order dated October 17, 2012. That deadline was extended, for various reasons, at the request of the parties; the last such extension expiring on May 31, 2013. Order dated May 28, 2013. The court ultimately set the matter for a final pre-trial conference and the order doing so required them to jointly submit a pre-trial order by August 16, 2013. Order for Final Pre–Trial Conference, dated July 18, 2013. Defendant produced the requested documents on August 14.

2. The court's local rules require a pre-trial order to contain "a list of the names of the witnesses each party anticipates calling at trial …" N.D. Ind. L.B.R. B–7016–1(c)(9).

in that pool to depose, should they want to do so, as opposed to letting the defendant designate which one it will produce. As for the suggestion that somehow this is all the plaintiffs' fault, because they never requested a deposition, that borders on frivolous. *Central States, Southeast and Southwest Areas Pension Fund v. XTL Transport, Inc.*, 1996 WL 435136, *3 (N.D.Ill.1996). It was the Bank's obligation to be forthcoming and disclose, not the plaintiffs to prod and nag. Furthermore, why would plaintiffs' counsel try schedule a deposition until they had the opportunity to review the documents the defendant was supposed to produce: documents the discussion of which would undoubtedly be an important aspect of the deposition.

■■■ Defendant also argues that the plaintiffs have not been harmed by their failure to comply because the matter has not yet been set for trial. Yet, that is largely because the court chose to wait until it had decided the issues raised by any motion in limine before doing so.[3] *See*, Order dated Aug. 21, 2013. More fundamentally, just because a matter has not been set for trial does not mean that a party has not been harmed by the opposition's failure to comply with the discovery rules. *See, Hard Surface Solutions, Inc. v. Sherwin–Williams Co.*, 271 F.R.D. 612, 617 (N.D.Ill.2010). Here, the time for discovery has ended and the parties are supposed to be ready to proceed to trial. Yet, because of the bank's failure to comply with its discovery obligations, the plaintiffs must do so without having been able to complete their discovery of the defendant, depose its witness, or prepare for that individual's cross examination.[4] The last minute production of documents will also complicate and prolong trial because it makes it next to impossible for the parties to stipulate in the pre-trial order which, if any, of those "exhibits may be received into evidence without further proof." N.D. Ind. L.B.R. B–7016(c)(8). The court could, presumably, delay setting trial and reopen discovery to give plaintiffs the opportunity to complete such a deposition (perhaps even requiring it all to be done at the defendant's expense); but why should it? More delay hardly seems to be an effective remedy for unjustified delay. It will do little to impress upon the defendant or other litigants the importance of observing their obligations in litigation and might even encourage ignoring them. *See, Northwestern Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 663 (7th Cir.1994) ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won."). If the only consequence of failing to fulfill discovery obligations is that trial may be delayed (and obdurate litigants potentially required to pay a few of opposing counsel's fees) some litigants will choose not to comply. They might regard such a consequence as little more than a slap on the wrist and so well worth the risk that no one will complain and they might get away scot-free. The possibility of calling upon a sanction lighter than that specified in the rule, *see*, Fed.R.Civ.P. Rule 37(c)(1) ("In addition to or instead of [preventing the use of an undisclosed witness or exhibit], the court

---

**3.** The court does not use a trailing calendar or multiple settings for trials. As a result, it generally does not schedule a matter for trial until the parties have completed their pre-trial preparations, have clearly identified the nature of the issues to be tried, and are ready to go. That usually does not occur until they have completed the preparation of the joint pre-trial order.

**4.** To the extent defendant also argues plaintiffs have not been prejudiced because they never requested a deposition, the court has already addressed that argument.

... may ...") , should usually be seriously considered only if the disobedient party's explanation for its actions had a meaningful degree of legitimacy, but nonetheless fell short of the substantial justification the rule requires—something defendant's does not—in much the same way that enhancing the stated penalty usually requires some kind of aggravating circumstances—which are also absent here.

Plaintiffs' motion in limine is GRANTED and Chase may not call "a Chase employee with personal knowledge" as a witness or use the payment histories listed in paragraph J(g)(1–6) of the pre-trial order at trial.

SO ORDERED.