**IN RE: Heidi A. RYBOLT, Debtor**

**Heidi A. Rybolt, Plaintiff**

**v.**

**Carrington Mortgage Services, LLC, Defendant**

**CASE NO. 08–13079**
**PROC. NO. 14–1075**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Signed January 22, 2016.

Daniel J. Skekloff, Scot T. Skekloff, Haller & Colvin, PC, Sarah Mustard Heil, Fort Wayne, IN, for Plaintiff.

Fredric Lawrence, Nelson & Frankenberger, Carmel, IN, Mickey J. Lee, Maurice Wutscher LLP, Indianapolis, IN, for Defendant.

### DECISION AND ORDER ON MOTION IN LIMINE

Robert E. Grant, Chief Judge, United States Bankruptcy Court

On January 22, 2016.

■ The plaintiff has filed a motion in limine, asking the court to preclude the defendant from offering into evidence exhibits and from calling three witnesses it has included on the parties' joint pretrial order. Although the federal rules do not explicitly authorize such motions, the practice has developed as part of the court's inherent authority to manage trials, *Luce v. U.S.*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), and is a matter committed to the court's discretion. *See, David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir.2003); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir.1996). Unlike many motions in limine, this one is not based upon the Federal Rules of Evidence. It is, instead, based upon Rules 26(a), (e) and 37(c)(1) of the Federal Rule of Civil Procedure. Plaintiff contends the defendant failed to make a proper or timely disclosure of the documents and witnesses in issue and, as a consequence, is not allowed to use them at trial.

■ Rule 26 of the Federal Rules of Civil Procedure requires a party to voluntarily provide the name, address and telephone number of individuals and a copy (or description) of the documents it may use at trial, and to timely supplement those initial disclosures if it learns that they were incomplete or incorrect in some material respect, unless the information had otherwise been made known to the opposing party during the discovery process or in writing. Fed.R.Civ.P. Rule 26(a), (e). The purpose of the rule is to expedite the discovery process, make it more efficient and less expensive, and to prevent unfair surprise at trial. *See, In re FedEx Ground Package System, Inc. Employment Practices Litigation*, 2007 WL 2128164 *2–3 (N.D.Ind.2007); *Gorman v. Chicago Housing Authority*, 1991 WL 10893 *2 (N.D.Ill.1991); *In re Eisaman*, 503 B.R. 95, 96 (Bankr.N.D.Ind.2013); *Sender v. Mann*, 225 F.R.D. 645, 650, 651 (D.Colo.2004). It is not an obligation to be taken lightly. "Counsel who make the mistake of treating Rule 26[ ] disclosures as a technical formality, rather than as an efficient start to relevant discovery, do their clients no service and ... risk the imposition of sanctions." *Sender*, 225 F.R.D. at 650. Those sanctions are found in Rule 37. If a party fails to make the required disclosures, it may not "use that

information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. Rule 37(c)(1). The burden of proving substantial justification or harmlessness is on the disobedient party. *Finley,* 75 F.3d at 1230; *Salgado by Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998). *See also, Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008); *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 21 (1st Cir.2001).

This case began in July 2014. The original scheduling order required the initial disclosures to be made by November 14, 2014 and all discovery to be completed March 15, 2015. Scheduling Order, dated October 14, 2014. At the behest of the parties and for various reasons, some deadlines were changed so that, ultimately, the deadline for making the initial disclosures was December 15, 2014, and the deadline for completing all discovery became September 22, 2015. *See,* Scheduling Stipulation, approved November 3, 2014; Amended Scheduling Stipulation, approved January 28, 2015; Joint Motion for Pre–Trial Conference, filed June 2, 2015; Order Revising Litigation Schedule, dated June 24, 2015. A joint pre-trial order was then to be filed by October 15, 2015. Order Revising Litigation Schedule, dated June 24, 2015.

When it came to identifying individuals the defendant might use to support its position at trial, Carrington's initial disclosures listed: the plaintiff, Heidi Rybolt; witnesses identified by the plaintiff; and "any individuals later designated under Fed.R.Civ.P. 30(b)(6)." Carrington Mortgage Services, LLC's Initial Disclosures, filed December 15, 2014, ¶ A(1)-(4). That initial disclosure was never supplemented. Then, in its portion of the pretrial order, Carrington identified the three individuals it intends to call as witnesses: Mark Madden, Clay Gordon and Mike Caballero. *See,* Joint Pre–Trial Order, filed October 15, 2015, ¶ J(2). That revelation helped prompt the present motion.

Carrington's disclosure did not comply with its obligations under the rule and was obviously incomplete. Rule 26(a)(1)(A)(i) clearly requires disclosure of an individual's "name and, if known address and phone number." If job titles and generic descriptions will not do, *see, Ballinger v. Casey's General Store, Inc.,* 2012 WL 1099823 * 1–2 (D.S.D.Ind.2012); *Walton v. Best Buy Co., Inc.,* 2010 WL 1494612 *5 (E.D.Mich.2010), to refer to an unnamed individual who may be identified later certainly will not. Moreover, that original, inadequate disclosure was never supplemented. So the question becomes whether the identity of those individuals had "otherwise been made known ... during the course of discovery," thereby relieving Carrington of the duty to supplement its disclosure. Fed. R. Civ P. Rule 26(e)(1)(A).

As to Mike Caballero, the plaintiff was made aware of his identity during the course of discovery; in fact he was scheduled to be deposed. Prior to that deposition, the plaintiff received an audio file of the conversation about which they wished to depose him, and decided the deposition was not necessary. Given this, there was no need to supplement the disclosures as to him, no violation of Rule 37(c)(1), and the defendant will be permitted to call him as a witness.

As for the remaining two witnesses—Mark Madden and Clay Gordon—their identities were never disclosed to the plaintiff prior to the pretrial order. That is curious because they "are the 2 individuals Carrington uses for trial work." Carrington's Objection to Plaintiff's Motion in Limine, ¶ 35. That being the case, the

court sees no reason why this information was not included in defendant's initial disclosure; but it was not. Although the parties agreed to schedule a deposition of Carrington's "30(b)(6) witness" during the week of September 14, 2015, the identity of that person was never revealed. Throughout the email exchange and in the various letters concerning the deposition, Carrington repeatedly referred to the witness as the "30(B)(6) deponent" or "30(B)(6) representative;" there was never a name or a position or job title. Affidavit of Mickey Lee, Exhibits 2, 4 and 5. That deposition never took place because, shortly before the agreed upon date, this nameless person suddenly had a conflict of interest and would not be available until after the close of discovery.

■ Carrington tries to shift the blame for the plaintiff's lack of knowledge by arguing that, when the deposition was cancelled, it offered to agree to a third extension of the discovery deadline or to proceed with the deposition after the close of discovery, but the plaintiff declined; had counsel done as Carrington proposed, the plaintiff would have known the identity of the witness and deposed him. As a result, Carrington plays the victim here and argues that it should not be punished because of the plaintiff's refusal. Yet, it was Carrington's duty to properly and timely disclose the witnesses it "may use to support its claims"—witnesses whose identity was know to it from the beginning. Whether or not the plaintiff chose to take Carrington up on its offer does not change Carrington's obligations or its ability to fulfill them. "A party does not have the option of complying with [discovery] deadlines or ignoring them and then demanding that the court and the opposing party restructure the discovery schedule to accommodate the violation." *Hard Surface Solutions, Inc. v. Sherwin–Williams Co.*,

271 F.R.D. 612, 617 (N.D.Ill.2010). *See also, Northwestern National Insurance Co., v Baltes*, 15 F.3d 660, 663 (7th Cir. 1994) ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won."); *Eisaman*, 503 B.R. at 97–98.

■ Carrington did not timely disclose the identity of either Mark Madden or Clay Gordon as witnesses, nor was their identity otherwise made known to the plaintiff during discovery. As a result, it may not use either individual at trial unless it can prove the failure was substantially justified or harmless. Fed R. Civ Pro Rule 37(e)(1); *Finley*, 75 F.3d at 1230; *Salgado by Salgado*, 150 F.3d at 742; *Sender*, 225 F.R.D. at 655; *Eisaman*, 503 B.R. at 96. Carrington never specifically argues that its failure to identify those two individuals was substantially justified, although it contends the failure was unintentional and inadvertent. As for being unintentional, the court is skeptical. You have to work pretty hard not to use the name of an individual you are agreeing to make available for a deposition and, instead, to consistently refer to them as the "rule 30(B)(6) representative." If imitation is the sincerest form of flattery, J.K. Rowling would be pleased. *See e.g.,* J.K. Rowling, Harry Potter and the Sorcerer's Stone (Scholastic, Inc.1997) (Lord Voldemort is "He who must not be named" or "You Know Who"). Nonetheless, assuming that is so and we are faced with an unintentional, inadvertent failure to disclose, inadvertence is not substantial justification. *Trowery v. O'Shea*, 2105 WL 9587608 *6 (D.N.J.2015). That leaves the question of whether the failure to disclose is harmless.

■ Carrington argues that the failure to disclose is harmless because the information has now been provided and, even though discovery has closed, there is sufficient time prior to trial to take a belated

deposition. But, if that is so, no failure to disclose would ever be harmless because there will always be a way to reschedule something to accommodate the failure to disclose. *Hard Surface Solutions,* 271 F.R.D. at 617. If the court were to accept such an argument it would all but forfeit the ability to effectively manage litigation. *RBS Citizens, N.A. v. Husain,* 291 F.R.D. 209, 215 (N.D.Ill.2013) ("Defendant's argument that they can disregard the Court's stated discovery cut-off because they are willing to produce their witnesses for a deposition after the discovery period essentially restructures the Federal Rules of Civil Procedure and makes discovery deadlines set by the court irrelevant."). Litigants could ignore whatever schedule the court put in place, secure in the knowledge that any consequences would be minimal. *See, Eisaman,* 503 B.R. at 98; *Sender,* 225 F.R.D. at 657. "Late disclosure is not harmless ... simply because there still time to reopen or extend discovery." *Hard Surface Solutions,* 271 F.R.D. at 617; *RBS Citizens,* 291 F.R.D. at 215.

As for any other factors the court should consider in evaluating harmlessness, *see e.g., David,* 324 F.3d at 857; *Tribble v. Evangelides,* 670 F.3d 753, 760 (7th Cir. 2012), they do not change the court's conclusion. There is certainly an element of willfulness in the defendant's actions. Although these are the only two individuals it uses at trial—and therefore it must have always known that it "may use" at least one of them—it did not disclose their identity, and even when depositions were being arranged the defendant did not reveal the name of the individual it was agreeing to produce, preferring instead to call him the rule 30(b)(6) representative, or some variation thereof. Furthermore, this reluctance to disclose is part of a broader approach to the litigation which can only be characterized as less than cooperative. After agreeing to produce the unnamed individual for a deposition shortly before discovery was to close, the deposition is cancelled because the deponent has a conflict. The parties had also agreed to engage in voluntary mediation, and the ligation schedule was modified to accommodate their efforts. *See,* Joint Report as to Voluntary Mediation, filed January 15, 2015; Joint Motion to Approve Amended Scheduling Stipulation, filed January 27, 2015. But, perhaps foreshadowing things to come, after suggesting a continuance of the original mediation so the parties might reach a settlement on their own, two days before the rescheduled mediation session, the defendant decided it no longer wished to mediate and the session was cancelled. And, if this is not enough, many of its responses to the plaintiff's discovery requests were late.

It is difficult, if not impossible, to effectively evaluate the surprise or prejudice to the plaintiff of the testimony either of these individuals might offer because the defendant has not given the court any indication of what it might be. We know the plaintiff will be surprised at trial because, unless discovery is reopened—something the court is not inclined to do—that will be the first time the testimony has been heard. But, in the absence of information concerning the nature of what the potential witness may say we cannot determine whether their testimony would help or hurt the plaintiff's case. *See, Sender,* 225 F.R.D. at 656 (citing Moore's Federal Practice § 26.27[2][d] (the failure to disclose is harmless if the other party was aware of the identity and the scope of the unidentified witness's relevant knowledge)). They might corroborate everything the plaintiff has to say, which probably would not harm its case in the least. Nonetheless, that would not be known until the moment of trial and, by that time,

the plaintiff will have no meaningful opportunity to prepare for or to respond to it.

There will be no disruption at trial because of the failure to disclose, but that is only because the plaintiff chose to bring the present motion sufficiently in advance of trial to allow the court to rule upon it, after briefing and deliberation. Had it chosen to wait until the witness was actually called in connection with the defendant's case before raising the objection, things would be decidedly different. The court is not inclined to fault the plaintiff for promptly raising an issue, thereby facilitating its full consideration and disposition, rather than waiting and raising it in the midst of trial. If the court held that against the plaintiff, future litigants would not file such motions in advance of trial, but would wait until the last minute when the arguments concerning them would most certainly delay and disrupt the trial.

As for exhibits, the defendant's initial disclosures identified its exhibits as transaction history, communication log and other correspondence with the Plaintiff related to her claims including proof of advances for property taxes. The exhibits the plaintiff listed on the parties' joint pretrial order are more detailed and include:

1. Subject note

2. Subject mortgage

3. Payment history for the subject note

4. Servicing notes for the subject mortgage

5. All notices of delinquent real estate taxes Carrington receive for the subject property

6. All copies of documents evidencing Carrington's payment of delinquent real estate taxes for the subject property

7. All notices of hazard insurance on the subject property lapsing

8. All copies of documents evidencing Carrington's payment of hazard insurance on the subject property.

All of these documents, except those related to delinquent real estate taxes, were provided to the plaintiff during the course of discovery. The documents related to delinquent real estate taxes were not provided until after the pre-trial order had been prepared and the matter set for trial.

■ A party is to supplement its disclosures and discovery responses *unless* the information was otherwise made known during the discovery process. Fed. R.Civ.P. Rule 26(e)(1)(A). As for the documents other than those related to the real estate taxes, they were produced to the plaintiff during discovery, and so the defendant appears to have fulfilled its obligations in that regard. The plaintiff seems to argue that she would be surprised by the content of these documents because the copies produced during discovery were heavily redacted without any explanation of the reason. While a substantial portion of both parties' briefs and exhibits to their affidavits are directed to the communications between them regarding the plaintiff's dissatisfaction with what she received, at no point does counsel appear to have raised the issue of the redaction. More importantly, if the plaintiff had a problem with the production of redacted documents, she should have demanded unredacted copies or asked the court to compel their production. Complaining now about the quality of what was received and asking that the documents be barred from use at trial is too late. There was no need to supplement the disclosure as to those documents. Furthermore, insofar as the payment history and servicing notes are concerned, Carrington did disclose that it intended to introduce transaction history. What else would the pay-

ment history and servicing notes be other than transaction history?

■ As for the documents related to the real estate taxes, there is no dispute that they were not provided to the plaintiff until November 20, 2015, well after discovery had closed, over one month after the pretrial order was filed, and two days after the court scheduled this matter for trial. So, unless the failure was substantially justified or harmless, Carrington may not use them at trial.

Carrington admits that the failure to provide those documents was a mistake. It believed it had produced them and did not realize that it had not until after the discovery cut-off. Although it argues the failure to produce these documents was inadvertent, inadvertence is not substantial justification. *See, Trowery v. O'Shea,* 2015 WL 9587608 *5–6 (D.N.J.2015); *In re Lister,* 2010 WL 9477474 (Bankr.E.D.Cal. 2010); *Tolerico v. Home Depot,* 205 F.R.D. 169, 175–76 (M.D.Pa.2002). Carrington make no real argument specifically addressed to these particular documents that the failure to provide them is harmless. If an argument of harmlessness is there, it is lumped into the much broader discussion that addresses all of the other documents and is presented in such a generalized way that the court cannot evaluate the role documents concerning delinquent real estate might play in the case, why they are important or to what issues. Given that lack of information, the defendant has failed to prove that the failure to produce them was harmless.

■ In the absence of justification or harmlessness, the sanction for non-disclosure is "automatic and mandatory." *Tribble,* 670 F.3d at 760; *David,* 324 F.3d at 857. The undisclosed evidence and witnesses may not be used at trial. Fed R. Civ P. Rule 37(c)(1). While the court recognizes that the rule does give it the op-

portunity to use a different sanction in an appropriate case, this is not one of them. *See, Eisaman,* 503 B.R. at 98–99.

Plaintiff's motion is granted, in part, and denied, in part. The defendant, Carrington Mortgage Services:

1. May not use notices of delinquent real estate taxes or documents evidencing Carrington's payment of delinquent real estate taxes to supply evidence at trial; and,

2. May not use Mark Madden or Clay Gordon as witnesses to supply evidence at trial.

In all other respects, the motion is DENIED.

SO ORDERED.